HATTIE H. MORRISON, plaintiff in error, *vs.* WILLIAM SOLOMON, defendant in error.

1. As to her life estate in the property settled, the power of the wife was absolute, and she might sell or charge at her pleasure, except as restrained by law, and there being no proof of any notice to S., the defendant, that the purpose of the wife in making the note and mortgage was different from that stated by the trustee at the time S. became security, the verdict is not illegal.

2. Under the evidence as contained in the record, the verdict does not come within that class of verdicts which justify this court in holding that it is an abuse of the discretion of the judge to refuse to disturb.

3. No objections having been made in the court below, either by demurrer, or in the motion for a new trial, to the jurisdiction of the court over the prayer of the defendant, for the reform and foreclosure of the mortgage, it is too late to make that question in this court, even if it were a good objection had it been made in the court below, which we do not decide.

Estates. Husband and wife. New trial. Jurisdiction. Waiver. Before Judge HOPKINS. Fulton Superior Court. April Term, 1873.

James J. Morrison, by marriage settlement, settled certain real estate on his wife, Hattie H. Morrison, with remainder to her children; and if no children, then over, etc., with full power in the wife to appoint a trustee at her discretion, and with full power to sell and reinvest. The wife appointed her husband trustee, and being desirous of raising money with which to buy and improve real estate in Atlanta, she and her trustee made a negotiable note, secured by mortgage on the real estate settled, and placed the same in the hands of an agent, to be transferred by him to whoever would advance the money. The agent failing to do anything, the papers were returned to the trustee, who informed the wife of the failure. Shortly after this the husband borrowed money, as trustee, giving William Solomon as his security on the note; and to induce him to sign as such he procured the agent to transfer to him the note and mortgage as collateral security. Solomon knew nothing of the object of the wife in raising the money,

to-wit: to buy and improve real estate, but was informed by the trustee that the money was to be used in buying and selling real estate for the benefit of the wife. It was in dispute under the evidence to what purpose the money was in fact appropriated. The wife filed a bill to cancel the mortgage. Solomon replied with a cross-bill to foreclose for the amount he had paid as security. The case went to the jury on the facts as proven. · There was no complaint of the instructions of the judge, who charged that if the note and mortgage were made to raise money generally for the purpose stated, and were returned by the agent, and the trustee afterwards borrowed money for the wife's estate, and used it for the benefit of her estate, and Solomon signed as security with this understanding, and on the faith of the mortgage, he would be protected and entitled to the relief he sought.

The bill was filed in Fulton county, where the defendant resides. The land was situated in Morgan county. The complainant resides in DeKalb county. No objection was made in the court below to its jurisdiction over the prayer of the cross-bill. The evidence is omitted as unnecessary to an understanding of the opinion. The jury found for the defendant, and decreed a foreclosure of the mortgage. A motion for a new trial was made on the grounds : 1st. That the verdict was illegal. 2d. That it was contrary to the evidence.

The motion was overruled, and complainant excepted.

LESTER & THOMSON ; B. H. HILL & SON, for plaintiff in error.

A. W. HAMMOND & SON, for defendant.

McCAY, Judge.

1. So far as the life estate of Mrs. Morrison in the property covered by this trust is concerned, the deed puts no limitation upon her power of disposal. A separate estate in the wife is as completely within her power, when there is no restriction in the deed, as is the estate of any one else in his power.

Morrison *vs.* Solomon.

Our law prohibits a married woman making certain contracts for the benefit of her husband, but with this limitation, a married woman may deal with her estate held in trust for her, where there is no restriction in the deed, as a *feme sole*. The rights of the remaindermen is another question and do not arise here. As we understand the position of the defendant in error, he does not claim to have any rights as against the children of Mrs. Morrison. True, she and the trustee under the deed, had power to sell and reinvest; but this was not a sale, and Solomon had notice that the borrowed money was to be used in speculating in real estate for the benefit of the wife. This could, in no sense, be an investment for the benefit of the remaindermen. But as to the life estate of Mrs. Morrison, she was, under this deed, as free to sell it, give a mortgage upon it, or charge it in any way, as a *feme sole*. The case therefore stands as it would were there no remainder, and as though Mrs. Morrison were a *feme sole*, except only that as she is a married woman, her rights are permitted by law to exist in the shape of a trust. It is admitted on all hands that this note and mortgage were freely made for the purpose of borrowing money by the use of them. It was known to all parties, Mrs. Morrison included, that the payee on the note and the mortgagee, was not to advance the money. He was expected to borrow it and to transfer the note and mortgage to the lender. He was to get the money by the use of the note and mortgage, which were made negotiable for that purpose. That the agent failed to get the money, as was expected, and returned the note and mortgage to the trustee, did not, in view of the professed and declared intent of their execution, to-wit: to raise money generally, make them incapable of being still used for the purpose intended. A married woman, capable as she is of dealing as to her separate estate, held in trust as a *feme sole*, is not permitted to commit a fraud. By permitting this note and mortgage to remain uncanceled in the hands of her trustee, she put it in his power to satisfy the world that any one who would advance the money, would be protected by a transfer of them, and it would be aiding her

to commit a fraud to allow her, after thus acting, to repudiate her deed. If the transaction between Morrison and Solomon was fair and *bona fide;* if Solomon had no notice but that the note and mortgage were being used for the very purpose intended, we are of the opinion that equity will protect Solomon against the rights of Mrs. Morrison.

2. How far Solomon had notice was for the jury to determine under the proof. As the case went to the jury, the defendant in error had upon him what we are not sure was proper, the burden of showing that the money procured by the use of this note and mortgage, was used for the benefit of the trust estate, and there is a great deal of evidence *pro* and *con* upon this point. We do not feel disposed to disturb the verdict. There is, in our judgment, evidence in the record sufficient to support it, and without going into detail, we are clear that it was no abuse of the discretion of the judge to refuse to say that the verdict is contrary to the evidence.

3. As to the question of jurisdiction, it is not plain to us that under the peculiar facts of this case, there is any want of jurisdiction in Fulton county. But, as appears by the record, no such question was made in the court below in any shape. Parties cannot thus take all the chances of a final decree in their own favor, and then, in this court, raise the question of jurisdiction.

Judgment affirmed.