Taylor & Company *vs.* Clark *et al.*

---

S. K. TAYLOR & COMPANY, plaintiffs in error, *vs.* STEPHEN CLARK *et al.*, defendants in error.

A trustee has no authority to create a lien upon the property of the trust estate, or the crops to be made thereon, for supplies furnished with which to make such crops.

Trusts. Lien. Before Judge CLARK. Sumter Superior Court. April Term, 1875.

Reported in the decision.

JOHN R. WORRILL, for plaintiffs in error.

C. F. CRISP; J. ANSLEY; GEORGE W. WOOTEN, for defendants.

WARNER, Chief Justice.

This was a claim case. The plaintiffs having foreclosed several crop liens which had been levied thereon, the same

was claimed by different claimants. By consent of parties, the several cases were consolidated and tried together. The crop liens were created by the defendant as the trustee of Mrs. Darley, a married woman, under a marriage settlement deed executed in 1857. On the trial of the case, the claimants objected to the introduction of the crop lien *fi. fas.* in evidence on the ground that the trustee had no authority to create said liens, which objection the court sustained and dismissed the levies, whereupon the plaintiffs excepted.

It appears from the evidence in the record that the supplies furnished by the plaintiffs, for which the liens were created, were furnished for the benefit of the trust estate, so as to enable the *cestui que trusts* to make a crop thereon for the year 1874; and the question is, whether a trustee is authorized by law to create a lien upon the property of the trust estate, or the crops to be made thereon, for that purpose? The 2335th section of the Code declares that "trustees are not authorized to create any lien upon the trust estate except such as are given by law." We are not aware of any law in this state that gives to trustees the authority to create a *lien* upon the property of a trust estate. It was insisted on the argument that, under the 1978th section of the Code, that liens of the description mentioned in the record might be created upon such terms as may be agreed on by the parties would include trustees under the term "parties." The term "parties," as mentioned in that section of the Code, must be understood to mean such parties only as are *authorized by law* to make such agreements, and not such parties as are expressly *forbidden by law* to make them. If the supplies were furnished by the plaintiffs for the use and benefit of the trust estate, that estate is liable therefor, and their remedy to enforce the payment of their claims against the trust property is provided for by the 3377th to the 3382d sections of the Code, inclusive. Whilst it does not affirmatively appear from the record before us that any special injury would result to the trust estate by enforcing the collection of the crop liens created by the trustee on the property thereof, still we are not prepared to say that the statute which pro-

hibits trustees from creating *any lien* upon the property of the trust estate, except such as are given by law, is not a wise and salutary statute. But, as a court, we can have nothing to do with the wisdom or expediency of the statute; our plain duty is to enforce it, and at some other time, and on some other occasion, the efficacy and wisdom of its provisions will doubtless be made manifest. We find no error in the ruling of the court on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.