### Tift & Company *vs.* Mayo *et al.*

Whilst under the ruling in 56 *Ga.*, 309, a trustee cannot create a lien upon the property of the trust estate for supplies furnished to make a crop, because of the prohibition in section 2335 of the Code, yet the *cestui que trust*, though a married woman, under the decision in 52 *Ga.*, 205, had power in 1872 to mortgage her separate estate, just as a *feme sole* could do, unless restrained by the deed of trust.

Trusts. Mortgage. Lien. Husband and wife. Before Judge Wright. Dougherty Superior Court. April Term, 1878.

Reported in the opinion.

Warren & Hobbs; Strozer & Smith, for plaintiffs in error, cited, as to power of *cestui que trust* to mortgage, 52 *Ga.*, 205 ; 55 *Ib.*, 41; 39 *Ib.*, 41.

D. H. Pope; C. B. Wooten, for defendants, cited, on want of power in trustee to mortgage, Code, §2335 ; 56 *Ga.*, 309.

JACKSON, Justice.

The Messrs. Tift foreclosed their mortgage against Mrs. Mayo and husband, as trustee, for two or three thousand dollars, for supplies furnished the trust estate to make crops and for the support of herself and family, and the mortgage *fi. fa.* was levied upon the property of the estate. It was met by an affidavit of illegality, the first ground of which was that the trustee could not make a valid mortgage of the trust estate, and thereupon, upon an inspection of the mortgage and the rule to foreclose, and the order of the court authorizing the trustee to mortgage, the court passed the following order: "It is ordered by the court that the first ground of illegality be sustained, and the levy dismissed."

The question is, was this order or judgment right? The mortgage was executed by Mrs. Mayo, the *cestui que trust*, as well as by her husband, the trustee. The deed of trust was not before the superior court, nor is it before us, and, therefore, we do not know what was the interest of Mrs. Mayo in the property of the trust estate, whether a life interest or a fee; but, under the ruling of this court in 52 *Ga.*, 205, Mrs. Mayo had the legal right, after the passing of the act of 1866, and this mortgage was made in 1872, to mortgage that interest. Whilst, therefore, under the Code, section 2335, and the ruling in 56 *Ga.*, 309, this trustee could not mortgage the trust property, yet Mrs. Mayo could mortgage whatever interest she had in it, and such interest was subject to pay the debt. Therefore it was wrong to dismiss the levy, but the case should have been regularly tried by a jury, and if Mrs. Mayo was not restricted by the terms of the trust to mortgage her separate estate, that estate should be found subject to pay this mortgage which she herself made. The ruling in 52 *Ga.* is very broad, and puts her upon the footing of a *feme sole* as to her separate estate, unless her power is controlled by the provisions of the paper creating the trust.

Judgment reversed.