Printup, trustee, vs. Trammel.

DANIEL S. PRINTUP, Trustee, plaintiff in error, vs. WILLIAM T. TRAMMEL, defendant in error.

[1.] A Trustee is not liable out of his own estate, on a note given by him "as trustee," and so expressed when the consideration of the note enured exclusively to the *cestui que trust.*

[2.] Before the Act of 1856, trust property could be subjected to the payment of trust debts, through a Court of Equity only.

Complaint, from Floyd county. Tried before Judge HAMMOND, at August Term, 1857.

This was an action by William T. Trammel against Daniel S. Printup, as trustee, for Mrs. Abbey Farrar, on two promissory notes, each for $150, which defendant, as trustee for Mrs. Abbey Farrar, promised to pay, &c. Signed "Daniel S. Printup, trustee for Mrs. Abbey Farrar."

It was proven on the trial, among other things, that the consideration of the notes sued on, was a town lot in Rome, which plaintiff sold to Samuel Farrar as the agent of Mrs.

Farrar, that the trade and bargain for the lot was made with Mr. and Mrs. Farrar, and that defendant had nothing to do with the terms or consideration of the contract.

Upon the trial on appeal, defendant moved to dismiss the action:

1st. Because the notes sued on showed that defendant undertook and promised as the trustee of Mrs. Farrar, and not otherwise, and that an action *at law*, could not be brought on them against him *as trustee.*

2d. Because in Equity only could the rights of the parties be properly adjudicated.

The Court refused the motion to dismiss, and defendant excepted.

After the testimony on both sides had closed, the Court charged the jury, that although the defendant gave the notes as trustee, yet he was liable personally, and the plaintiff had the right to recover *at law :* that defendant was not bound to give notes as trustee, but if he did so, the presumption of law was, that he had the means in his hands to protect himself.

That as trustee, defendant had the right to appeal, but if the jury believed from the evidence that the appeal was for delay only, it was their duty to award damages not exceeding 25 per cent. as in their judgment they should think just.

To which charge defendant excepted.

The jury found for the plaintiff three hundred dollars with interest and cost, and twenty dollars damages.

Whereupon defendant tendered his bill of exceptions, and alleges as error:

1st. The refusal of the Court to dismiss the action.

2d. The charge of the Court.

3d. The verdict, as contrary to law and evidence.

D. S. PRINTUP, for plaintiff in error.

HARVEY, and UNDERWOOD, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The plaintiff in error promised to pay, " *as trustee,*" expressed in the body of the promissory notes ; to his name, subscribed to each note, he added, " trustee for Mrs. Abbey Farrar."

[1.] The consideration of the notes was property purchased for the *cestui que trust.* A note given by A. and B. " as executors," is recoverable from A. and B. individually. 2d. *Brod. & Bing.* 460. We think the case of a trustee different from that of an executor, who has no right to deal with the property of his testator. His duty begins and ends with the collection of the assets of the estate, and paying the debts and legacies. It is true, that the will may make him a trustee as well as executor. If it does, his character of executor is changed into that of trustee. But as executor, he has no authority to purchase property for the estate, or to deal in a manner, making it necessary to give his note. If he give his note as executor to a creditor, he is liable out of his own estate, for a very palpable reason. It is an admission of assets to pay. If he give his note payable at a future day, he makes the debt his own, for the same, with an additional reason, that it may be a personal benefit to him to postpone the day of payment, when it is generally to the interest of legatees and creditors to have prompt payment when the assets are in hand. It is not the same with trustees, who are, often, under the necessity of dealing in a manner, for the benefit of his *cestui que trust*, to create a debt payable in future. In such cases there are many reasons founded in good policy, justice and sound sense, why a trustee should not be held personally liable. Trustees are but poorly paid; when they make purchases, the persons who sell, know that

they are dealing on the credit of the trust estate, and ought to have just the security they rely on and no more. In this case, the plaintiff in the Court below sold property to the *cestui que trust ;* the notes were given for the property, the trustee specifies in the face of each note that he promises as trustee, and the plaintiff received them with such understanding, and he ought not to be allowed to recover of the trustee individually. In the case of *Ashley vs. Ashley,* 7. *Barnwell & Creswell,* 446, some of the Court but for the power of precedents, would have recognized a rule more compatible with reason and justice, in the case of executors, and I know of no authorities which bind us down in a case like the present, to say that the trustee shall be liable from his private funds.

[2.] At the time this suit was commenced, a trust fund could be subjected to the payment of debts through a Court of Equity only. That Court has always claimed and held an exclusive jurisdiction in such cases. It can enquire into the whole matter, and determine whether the debt was necessary and just, and properly chargeable upon the trust fund; whether the trustee had acted in any manner faithlessly, so as to subject him to a liability for the whole, or a part of the debt; whether there had been fraud or imposition on the part of the creditor, so as to affect his right of recovery, in whole or in part.

Since the institution of this suit, the Legislature has passed an Act to authorize claims against trust estates to be recovered in a Court of law.

It is an Act respecting the remedy, and claims arising before its passage, may be collected under it.

The Court below erred in refusing the motion to dismiss the case, and also in charging the jury that the defendant was personally liable, and that a Court of law had jurisdiction of the case.

Judgment reversed.