Satterwhite vs. Beall, Stewart & Ansley.

28 525
f 107 57

## SATTERWHITE vs. BEALL, STEWART & ANSLEY.

The act of 1856, authorizing claims against *trust estates* to be recoved at law, provides for demands only for services rendered the trust estate, or for articles or property or money furnished for the use of *said estate*, and for the payment of which a court of equity would render said estate liable ; and the judgment in such cases, has a lien on the *corpus* of the trust property ; and is to be enforced by seizure and sale under the execution issuing thereon, as other common law judgments.

Assumpsit, in Randolph superior court. Tried before Judge KIDDOO, at May Term, 1859.

This was an action of assumpsit brought by Beall, Stewart & Ansley, partners, against William J. Satterwhite, trustee for Sarah Satterwhite, on account for goods, wares and merchandise, sold to *cestui que trust.*

Plaintiffs proved the account, and that they kept correct books, and thereupon moved to take averdict for the amount of the account, ($107 55,) to be paid out of the proceeds of the trust estate after allowing a competent support for the *cestui que trust.* Defendant objected—the court overruled the objection and allowed the verdict to be so taken, and defendant excepted.

Plaintiffs then moved the appointment of a receiver to take charge of said trust estate, until from the proceeds thereof the verdict should be paid and satisfied. To this motion defendant objeceed. The objection was overruled and the receiver appointed, and defendant excepted.

PERKINS, and ROBINSON, for plaintiff in error.

HARRIS & STEWART, DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

This whole proceeding, from first to last, is founded upon an entire misapprehension of the act of 1856, giving a remedy against trust estates in a court of law; and prescribing the mode of procedure thereon.

In the first place, the claim must be against the *trust estate*, as for blacksmith's work done on the plantation, medical services rendered the trust negroes, &c., and not for a demand against the *cestui que trust*, such as this is.

Again; the judgment binds the *corpus* of the trust estate and is a lien thereon, and is to be enforced by levy and sale of the property itself. In other words, it is in all respects a proceeding *at law*, to collect claims of one class only, namely, such as accrue from benefit done to the trust estate in its preservation, maintainance, &c. The appointment of a receiver, therefore, to pay the judgment out of the rents, issues and profits, is wholly foreign to the statute, and the object for which it was passed.

Judgment reversed.