SARAH E. KILGO *et al.*, plaintiffs in error, *vs.* M. H. VAN DYKE, defendant in error.

A and B entered into a contract of partnership, by which A was to furnish goods to B, who was to sell them, and, after the first cost of the goods were paid, the profits were to be equally divided; and, after B's death, A filed his bill against his widow and heirs, to recover the balance he claims due to him, and set up that, inasmuch as B, during the copartnership, had used funds arising therefrom in improvements, etc., on certain property, which the widow had set off as a homestead under the laws of the State, his debt had a lien thereon. A demurrer was filed to the bill, which was overruled by the Court:

*Held*, that the Court erred in overruling the demurrer, as the debt due by B in his lifetime to A constituted no lien on his property that would deprive the widow of her right to homestead as against his creditors therein, nor was the use of such funds, under the facts, within the exceptions in said Act, for money borrowed, labor done, or material furnished, etc., and that the claim of A against the estate of B was of not higher dignity or of more equitable consideration than other debts due by him, and that his remedy is complete at law, and the administrator on the estate of B is a necessary party to the enforcement of such ordinary debts against the estate.

Lien. Homestead. Before Judge KNIGHT. Lumpkin Superior Court. April Term, 1871.

In September, 1866, VanDyke agreed to deliver to Kilgo goods to be sold by Kilgo for him. Kilgo agreed to receive them into his store and sell them, and after paying Van Dyke original costs they were to divide the goods on hand and accounts between them. At that time Kilgo owned the store and his dwelling adjoining it, and a farm. VanDyke furnished him $15,000 00 worth of goods. Kilgo sold part of them, and with part of the proceeds had his house repaired by painting, etc., and paid his physician's bills, etc. In February, 1870, Kilgo died, leaving his widow and several minor children, him surviving. Her books showed a balance due VanDyke of say $800 00, and Mrs. Kilgo agreed that this balance was due on said partnership account. She, as head of the family, refused to pay it, but has had the store,

dwelling and farm, all set apart as a homestead for herself and family. No administration has been taken on Kilgo's estate. Upon this statement of facts in his bill, VanDyke claimed a lien for said $800 00 on said homestead, and prayed that the homestead be subjected to its payment.

This bill was demurred to for want of equity. The demurrer was overruled and that is assigned as error.

H. P. Bell; R. N. Quillian, for plaintiff in error, relied on 40 Ga. R., 439.

John A. Wimpey; J. N. Dorsey, for defendant. Van Dyke has lien : Story's Eq., J., sec. 1237, 1239. No provision in Code for enforcing this lien : See Code as to liens. Equity and law jurisdiction concurrent. Code, sec. 3041 ; 40 Ga. R., 442. The Court will protect the minors : Code, secs. 1772, 4133.

Lochrane, Chief Justice.

This bill was filed by a copartner against the widow and minor children of a deceased copartner, to recover a balance due on account, and to subject property set apart for a homestead, to the claim. The Court overruled a demurrer filed to the bill, and we reverse the judgment overruling the demurrer, for the reason : 1st, That it was necessary to make the administrator a party, whose right of defense to the claim and settlement of the copartnership transactions between the complainant and his decedent, is a matter of legal duty devolved upon him by the law. 2d. We are of opinion, upon the facts stated by the bill and admitted by the demurrer, that complainant's claim is clothed with no right in equity to interpose and deprive the widow of her right of homestead in the estate left by her deceased husband ; for the uses of the funds, as alleged by the copartner in his lifetime, does not bring the claim within the exceptions of the Act. It was neither money borrowed, labor done, nor material fur-

nished, etc., thereon, and we are therefore of the opinion, and so adjudge, that the judgment of the Court below be reversed. Judgment reversed.