JAMES K. P. KEATON, trustee, plaintiff in error, vs. BAGGS & STEPHENS et al., defendants in error.

Where a deed was made to A, in trust for his own use during his life, and for the support and education of such children as might be born to him, and if he die without children, remainder to the children of B, and A, before he had children, contracted a debt for supplies for his farm on said land, and upon suit being brought against him, as trustee, under sections 3377 et seq. of the Code, charging that the debt was contracted for the use of the estate, and describing the land, but not setting forth the terms of the trust, A making no defense, a judgment was taken subjecting the corpus of the whole land to the debt, and ordering the same sold to satisfy it, and execution issued and the sheriff was proceeding to sell the same accordingly:

Keaton *vs.* Baggs & Stephens *et al.*

*Held,* that it was error in the judge, on a bill filed by A setting out the deed and averring that the debt was the debt of A alone, to refuse to enjoin the sale. The judgment was a breach of trust by A, and by the plaintiff, and equity will protect the beneficiaries other than A. The judge should have granted the injunction, directed the bill to be amended by making the remaindermen now existing, parties, appointing guardians *ad litem,* if they be infants, and on final decree, subject the interest of A to the debt, with full protection to the rights of his unborn children, should he have any, and of the remaindermen, should he die without children.

Equity. Injunction. Trusts. Remainders. Debtor and creditor. Before Judge STROZER. Dougherty county. At Chambers. October 30th, 1874.

This case is sufficiently reported in the above head-note.

SMITH & JONES, by R. H. CLARK, for plaintiff in error.

WARREN & ELY, for defendants.

McCAY, Judge.

It is very plain, from the terms of the trust deed, that the interest of the remaindermen is not subject to the debts of the life-estate tenant, and that the judgment he has allowed to go against him, as trustee, is an unjust and illegal appropriation of the interest of the remaindermen to his (the trustee's) private interest. The judgment was a *devastavit,* and a court of equity will not permit it to be enforced against the remaindermen. It is the duty of the trustee to interfere, and he does so as trustee: See the case of *Wingfield, administrator, vs. Virgin et al.,* 51 *Georgia,* 139. We think, however, it would be competent for the defendant to reply and make the proper parties, and have the interest of Keaton subjected to his claim. Let guardians *ad litem* be appointed for the minors, and a court of equity could formally and precisely, by its decree, secure and provide for the payment of the debt without detriment to the rights of the remaindermen.

Judgment reversed.