FRANCIS A. FROST, plaintiff in error, *vs.* M. A. SCHACKLEFORD *et al.*, administrators, defendants in error.

1. An account in favor of a partnership is not matter to support a bill brought by one of the partners only, where it does not appear on the face of the bill that the other partner is dead, or has parted with his interest. Such an account constitutes no cause of action in favor of the complainant, and there can be no decree thereon.

2. The *individual* notes of the trustee and of one of the beneficiaries, will not charge the trust estate, although such notes were given for supplies furnished for the benefit of the trust, and although the creditor looked to the trust estate alone for payment. If the bill be founded on the notes and not directly on the account in lieu of which the notes were given, there can be no decree subjecting the trust property; certainly not, where the makers of the notes are both dead and where their representatives are not before the court as parties.

Partnership. Pleadings. Trusts. Before Judge BUCHANAN. Troup Superior Court. May Term, 1876.

Frost filed his bill against Schackleford, Stinson and Wilkerson, as administrators *de bonis non, cum testamento annexo,* upon the estate of John Stinson, deceased, making, in brief, this case:

John Stinson died, disposing of an estate of the value of $20,000 00 by will, and appointed J. W. Stinson as his executor. The estate was administered in accordance with the directions of the testator. All the property was given to the executor, in trust, for the raising of the children and the support of the widow. The Phillips place was specially set apart for the maintenance and support of the widow and children, during the life of the former, where they were to be provided with everything necessary for their comfort and pleasure. If deemed proper by the executor, he was authorized to sell any part of the estate to carry out this provision. The executor and the widow, N. L. Stinson, took charge of the Phillips place and used it as directed. To make said estate productive, they contracted with complainant for supplies and provisions, as will appear by reference to the account and the two notes hereto attached. These supplies and provisions were used and consumed by N. L. Stinson and her children. They were necessary to the making of a crop on the Phillips place. The crop was made and applied to the benefit of said widow and children. Complainant looked to said estate for the payment of this debt, and therefore he made them both sign said notes. Since the execution of said notes both of the makers have died insolvent. In the year 1875, the defendants were

qualified as administrators *de bonis non*, etc., on said estate. They refuse to pay said debt and are proceeding to administer and sell the Phillips place without providing for its payment.

Prays that the said place be sold and a sufficient amount of the proceeds applied to the payment of this debt; that the debt be made a charge on said land; that the sale of the Phillips place be, in the meantime, enjoined; that the writ of subpœna issue.

The account referred to amounted to $251 99, and was headed as follows:

" J. W. Stinson, executor,

In account with Frost & Crenshaw, (now owned by F. A. Frost.")

One of the notes was dated March 3d, 1872, for $570 00, payable on October 5th, next, to Francis A. Frost or bearer, and specified that it was for provisions furnished to enable the makers to produce their crops for that year.

The other was dated May 24th, 1873, due one day after date, payable to Frost or bearer, for $461 91.

Both were signed by J. W. Stinson and N. L. Stinson.

On motion, the bill was dismissed for want of equity, and the complainant excepted.

SPEER & SPEER, for plaintiff in error.

BIGHAM & WHITAKER, for defendants.

BLECKLEY, Judge.

On scrutinizing the bill, we find we cannot reverse the judgment of the court below, dismissing it.

1. The account is in favor of a partnership. Frost is one of the partners, and he sues in his own name. Is the other partner dead, or has he, in some way, parted with his interest? The bill discloses nothing on the subject. The account constitutes no cause of action in favor of Frost. The bill does not show why it belongs to him, or how it came to be

his. It is not assigned to him. He can have no decree for the money due on it.

2. As to the notes, both makers of them are dead. The representative of neither maker is a party to the bill; and yet the bill is founded on the notes, and not on the consideration for which they were given. The accounts closed up by the notes are not sued on—are not set forth. The supplies furnished for the trust estate are not described with any particularity; the value of the various specific articles is not alleged; and from the bill, it would be impossible to ascertain precisely what the articles were. On their face, the notes are the individual notes of the makers. The trustee did not sign them as trustee. The creditor may have looked to the trust estate for payment; and the trust estate may be liable, but, if so, it is not liable on the notes.

Judgment affirmed.