ROBERT, trustee, *et al.*, *vs.* N. & A. F. TIFT.

A married woman entitled to receive annually, for her sole and sepa-
rate use, the interest of a trust fund, the *corpus* of which is secured
to her children, may look to the actual produce of the fund for her
annuity; and if the trustee, with her approbation, carry on a trust
farm, and procure supplies for her support and for carrying on the
farming operations, a court of equity may give sanction to what has
been done, put the farm into the hands of a receiver, and decree that
a part of the future net income, year after year, be applied towards
the payment of past accumulated balances due to creditors for such
supplies. The true law delighteth in the payment of just debts.

Equity. Trusts. Debtor and creditor. Before Judge
Wright. Dougherty Superior Court. October Term, 1877.

This case arose upon a bill in equity filed by Robert as
trustee for his wife and children, to protect a plantation,
stock, etc., owned by him from being made subject to an
indebtedness to N. & A. F. Tift, for supplies furnished in
conducting the farming interests on the same. The trust
arose under the will of Jacob Wood, which will be found
reported in 15 *Ga.*, commencing at page 125. Mrs. Robert
is the Sarah Frances T. Pierce therein referred to, and the
property in controversy was purchased with the funds aris-
ing from the estate of Mr. Wood. A cross-bill was filed by
defendants, in addition to their answer, praying that the
property be made liable upon general principles of equity.

Under the pleadings and evidence the following issues of
fact were submitted to the jury :

1st. Ascertain what rate of interest was charged each
year in the accounts of N. & A. F. Tift, against Robert,
trustee ?

2d. What combination, if any, was entered into or parti-
cipated in by defendants, Tifts, with Robert, trustee, for
speculation, by which the property was used by them, against
the interest or consent of Mrs. Robert, whereby they de-
rived anything from it, and to what extent Mrs. Robert
had been damaged, if any ?

3d. Were these debts contracted for the benefit of Mrs. Robert's separate estate? if so, how much? and if any of it was not so contracted, did she consent to the same?

4th. What amount of defendants' account, if any, was obtained and used with defendants' knowledge, for any other purpose than that of furnishing Mrs. Robert her necessary expenses in the use and cultivation of the plantation of said trust estate?

5th. Was the account between complainants and defendants fully settled between the parties?

Upon these issues the jury found as follows:

1st. We, the jury, find that in the years of 1870, 1871, 1872, and 1873, 2 per cent. interest was charged by defendants against T. W. Robert, trustee.

2d. That no combination or scheme was entered into, or participated in, by defendants, with the trustee, Robert, for speculation, by which the property was used by them against the interest or consent of Mrs. Robert.

3d. The debts were contracted for the benefit of Mrs. Robert, for her seperate estate, all of them.

4th. None of defendants' accounts were contracted, with defendants' knowledge, for any other purpose than that of furnishing Mrs. Robert for necessary expenses in the use and cultivation of the estate.

5th. Complaiant's accounts against defendants for 1869, were fully settled.

Under this verdict, complainants insisted that the following legal results obtained:

1st. That under the will of Jacob Wood, creating this trust estate, there was no power or authority in the said Robert, as trustee, or his wife, to make the investment of said trust fund in the purchase of plantation stock.

2d. There is no authority either in the trustee, or *cestui que trust* to make any contract that would bind either the *corpus* or annual income of said property.

3d. That the will giving specific directions for the payment to her of the income annually, by the trustee, was

a restriction both upon the trustee and her of the power of alienating or incumbering by *anticipation* the annual income.

4th. That the defendants could not set up any claim againts the future annual income for any balance claimed to be due to them for any preceeding year.

That if the power to use the annual income as a basis of credit existed at all, it was limited to the year, and could not, by anticipation, incumber the income of succeeding years.

5th. That the defendants having contracted with full notice of the provisions of the will, were bound by all its limitation and to the extent that they had been benefited by the diversion of the trust property, they were liable in equity; that the complainants were entitled to a decree against them for such sums, or for fair rents, for the plantation and stock, as proven, and also for the funds in the hands of the receiver, amounting to ——— dollars; to have said property restored to the hands of the trustee, and to have canceled and delivered up the mortgages and levies covering the property.

Thereupon the chancellor decreed as follows:

" Certain issues of fact having by request been submitted to the jury empaneled in this case, and all other issues of fact involved in the pleadings, having been agreed upon and consented to by the parties and their solicitors, it is thereupon ordered, considered and decreed by the court here, that N. & A. F. Tift, the defendants in the original bill, and complainants in the cross bill, do recover of the said Sarah Frances T. Robert, and her trustee, F. W. Robert, to be paid out of two-thirds of the net annual income of the trust estate of said Sarah Frances T. Robert, the sum of four thousand eight hundred and thirty dollars and eight cents ($4,830.08) for their principal debt, due on their mercantile account for the years 1870, 1871, 1872 and 1873, together with, and all further interest that may accrue hereafter upon said principal, at the rate of seven per cent.

per annum ; that the said N. & A. F. Tift likewise recover from the said Sarah Frances T. Robert and her said trustee, to be paid out of the annual income of said trust estate, two certain tax *fi. fas.*, one for the principal sum of one hundred and eighty-nine dollars and forty-three cents, issued by R. F. Gilbert, tax collector, Dougherty county, on the 14th day of December 1871, the other for the sum of two hundred and forty-four dollars and sixty-three cents, issued on the twenty-seventh day of Nov. 1872, and both against said trust estate, and transferred to N. & A. F. Tift, together with all legal interest and cost due thereon. It is further decreed, that the note, mortgage, liens and drafts taken from the said Sarah Frances T. Robert, and her said trustee, by the said N. & A. F. Tift, to secure any of the items embraced in their said account are invalid, and the same, together with any legal proceeding based on them, or any of them, are hereby perpetually enjoined.

"In order to carry into effect this decree, it is further ordered, considered, and decreed, that so much of the trust estate of the said Sarah Frances T. Robert, as is now in the hands of J. L. Boyt, the receiver of this court appointed in this case, remain in the hands of said Boyt as receiver, that is to say, the Colawahee or Swamp plantation, and the personal property thereon, and that the remainder of said trust estate remain in the hands of the said Sarah Frances T. Robert for the maintainance and support of the said Sarah Frances T. Robert and her family.

"That the said Boyt, as such receiver, account for, and pay out to this court, two-thirds of the annual net proceeds of the plantation and personal property, so remaining in his hands, until said receivership shall be discontinued, either by the performance of this decree, or the death of the said Sarah Frances T. Robert, or until the trustee of said estate shall give bond and good security for the faithful performance of this decree, or the further order or direction of this court; and that he shall preserve the said trust property under direction of this court from waste, and from time to time,

shall report his actings and doings touching his management thereof, to this court.

"It is further ordered and decreed, that one-half of the court costs of this proceeding be paid out of the funds now in the hands of the said Boyt, receiver, as aforesaid, and the other one-half by said Tifts, and that two-thirds of the net balance of funds now in the hands of said Boyt be paid on this decree, to said N. & A. F. Tift, the other net one-third to the attorneys of the said *cestui que trust;* further, it is ordered and decreed that all the future two-thirds of the net income of said trust property, so remaining in the hands of said Boyt, receiver, as aforesaid, be applied to the payment of this decree, in behalf of the said N. & A. F. Tift, under the direction of this court, and the other third net income, to the said *cestui que trust.*"

To this decree complainants excepted as follows:

1st. Because the chancellor overruled each and every one of the objections made by complainants thereto.

2d. Because it is not authorized either by the law or the evidence.

D. A. VASON; C. B. WOOTEN; STROZER & SMITH, for plaintiffs in error.

D. H. POPE; S. HALL; WARREN & HOBBS, for defendants.

BLECKLEY, Judge.

A married woman entitled to receive interest annually, may look to the actual produce of the fund, and it may be to her advantage to do so, for the fund may, under good and fortunate management, produce more than the equivalent of legal interest. Here, it seems, the trustee carried on a trust farm with the approbation of Mrs. Robert, and supplies were procured for her support and for conducting the farming operations. In this way, a considerable debt was incurred. Equity could give its sanction to the arrange-

ment, and has done so. · Honest creditors ought to be protected as far as possible. The Code declares that their rights should be favored.—Section 1945. The true law, everywhere and at all times, delighteth in the payment of just debts. Blessed is the man that pays. The practice of paying promptly, and to the last cent, tends to the cultivation of one of the most excellent traits of human character. If debtors were guided by their own true interest, on an enlarged scale, they would be even more clamorous to pay than creditors are to receive. Tender would be more frequent than calls for money. Debt is the source of much unhappiness. The best possible thing to be done with a debt is to pay it. Of course, where means are wanting, there must needs be postponement until they can be had. Here the court took a moderate and discreet method, and endeavored to do something for the relief of the creditors, without wholly depriving Mrs. Robert of an income. It was competent, and, so far as we can see, it was wise and just, to place the farm in the hands of a receiver, and decree that a part of the future net income, year after year, be applied to the claims of creditors. In this way there can be a gradual working out; and the sooner a complete deliverance is realized, the better will it be for all parties. The management of the trustee has proved unfortunate. Perhaps that of the receiver will turn out better. At all events, it can be tried for a time, and when shown to be unprofitable can be discontinued. 56 *Ga.*, 183; *Malone vs. Buice*, this term. In view of the broad discretion of chancery in superintending trusts, ratifying contracts, and shaping remedies adapted to the exigencies of each case, we are unable to pronounce that any error was committed on the trial or in rendering the decree.

Cited for plaintiffs in error: 15 *Ga.*, 122; 3 Johns. Ch. R., 77; 9 Bush., 421; *Johnson vs. Redd*, 59 *Ga.*, 621.

Cited for defendants: 15 *Ga.*, 122; 13 *Ib.*, 122; 57 *Ib.*, 211; 2 Redf. Wills, 453, Ch., xiii, §48, par. 19; 4

Bradf. Sur. R., 129; 18 Pick., 123; 12 Cush., 511; Code, §§1783, 1785, 2337; 39 *Ga.*, 41; 41 *Ib.*, 144, 147; 16 *Ib.*, 103; 10 *Ib.*, 429; 46 *Ib.*, 133, 137; Code, §§3197, 3377, 3382; 9 *Ga.*, 223; 28 *Ib.*, 260, 525; 41 *Ib.*, 598; 44 *Ib.*, 468; 48 *Ib.*, 365; 56 *Ib.*, 309, 640; Harris' App., §40; 57 *Ga.*, 260, 459.

Judgment affirmed.