MOORE, JENKINS & COMPANY *vs.* LAMPKIN, trustee.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A declaration alleging to the effect that a father, as trustee for two minors, owned a certain business-house wherein he carried on a certain business in trust for said children, and bought of plaintiff articles necessary for such business; that the creditor was, when he furnished the goods, ignorant of the trust, and credited to some extent the father, but ascertained that he was and is insolvent, and really bought and used the goods in and about the trust business, and thereby made profits which went into the trust property by way of repair and improvements, and into the purchase of other real estate for the said children, with an exhibit attached containing copies of the trust papers, setting out in detail and with much particularity the above allegations and praying for the subjection of a sufficiency of the trust property to pay the debt so incurred and used, and so beneficial to the trust estate, is not demurrable, but may be prosecuted to verdict, and judgment at law may be so moulded as parties, under the Code of Georgia, §§3377-3382.

Actions. Equity. Trust. Jurisdiction. Before Judge ERWIN. Clarke Superior Court. May Adjourned Term, 1879.

Reported in the opinion.

T. W. RUCKER, for plaintiffs in error.

POPE BARROW, for defendant.

JACKSON, Justice.

This record brings before us a declaration of plaintiffs in error against the defendant as trustee of his children, and the dismissing of the same by the court below on demurrer thereto. The demurrer, of course, admits the facts alleged in the declaration to be true, and the single question is, can the plaintiffs recover on proof of those facts when the case is tried?

The allegations are that Moore, Jenkins & Co. sold Lampkin goods to the value of $556.76, under the circumstances following : Lampkin is trustee, and has been since 1871, of his two minor children, Robert and Kate, who are the only *cestuis que trust*. Lampkin is insolvent, and has been so since 1868. The trust property consists of a house and lot wherein defendant and family live and have lived since 1869, when he bought it as trustee for his said children ; of a house and premises bought for said children, wherein defendant carried on business as bar-room and billiard saloon proprietor as such trustee; and also of another house bought by him for said children, and all held by him as their trustee. The last piece of property was bought from the proceeds of the bar-room and billiard saloon. Over the bar-room and saloon he kept a hotel which was also run as trust business. The children have been supported and educated out of the proceeds of this trust business, and all the articles sold—set out in a bill of particulars attached—were furnished for the use and benefit of the trust estate. Out of the proceeds of this business taxes have been paid on the trust property and all of it kept in repair, painted, roofed and floored, when necessary, and every item of the trust estate has been improved by the proceeds of this business.

The goods sold consist of crockery, glass-ware, sugar, liquors, plaited silver-ware, and other things necessary for the trust business.

The plaintiffs did not know of the existence of the trust estate when the articles were sold, but did not give exclusive credit to Lampkin, and now having discovered the trust, and furnished the goods absolutely necessary to carry on its business, and the entire trust estate having been improved and preserved by this business, they bring suit against the trustee to recover the debt out of the trust property. Then follow exhibits of will and deeds giving the nature of the trust, and an itemized account of the goods furnished to Lampkin and so used by him for the trust estate and so

beneficial to it. This summary of the declaration is enlarged and elaborated by the pleader, but the substance is above stated, and the sole point is, was the court right in sustaining a demurrer thereto and dismissing the case ? We think not.

The general principle of our law is that no man shall be forced into equity if he prefers the law side of the court. The Code, section 3082, is explicit upon the subject. It declares that "no suitor is compelled to appear on the equity side of the court ; but he may institute his proceeding for an equitable cause of action on the common law side of the court *at his option,* and the court may allow the jury to find a verdict, and a judgment be rendered thereon so moulded and framed as to give *equitable* relief in the case, as verdicts and decrees are rendered and framed in equity proceedings." It is surprising that there should ever have been doubt about language so unambiguous. It is codified from the act of 1820, Cobb's Digest, p. 484, and has been long the law of Georgia.

On the subject of trusts and the mode of enforcing relief against trust estates justly indebted to those having claims upon them, our law is equally plain and furnishes a simple and ample remedy. This remedy is furnished by the act of 1855–6, pamp. laws of Ga., 1855–6, p. 228, and is codified from section 3377 to 3382 of the Code, inclusive. It would seem that notwithstanding the act of 1820, above referred to, trust property could only be reached to pay trust debts in equity before the act of 1855–6, 25 *Ga.*, 240 ; but that act furnishes a complete remedy at law. It is quite broad and provides that "where a court of equity would render the estate liable for the payment of a claim," there the claimant could enforce and collect it in a court of law. Code, §3377. All that the suitor has to do to enforce it is to set forth in his petition the grounds of his claim, how and in what manner the estate is liable therefor, and the names of the trustees and of the *cestui que trust.* Code, §3378.

All this has been done in the plaintiffs' declaration in

Moore, Jenkins & Co. *vs.* Lampkin, trustee.

the case at bar, and if by bill in equity they would be entitled to relief, then by the express words of the statute they are so entitled here.

Would they be entitled in equity? We think so. In 60 *Ga.*, 566, equity subjected the income of a trust estate to pay a debt contracted to carry on farming operations. The only difference is that in that case the *cestui que trust* was a married woman, and that the debt was made with her assent, and here they are minors and their father and trustee must be construed to have contracted for them as he put the goods into their business—business which he carried on in their house and for them, and which *improved* their estate. In the case in the 60 *Ga.*, the indebtedness was very unprofitable; it was quite profitable, according to this declaration, in the case at bar—supporting the two *cestuis que trust*, educating them, painting and keeping in good repair their real estate, and actually purchasing another house and lot for them. See also 57 *Ga.*, 260; 56 *Ga.*, 309, 183, 138; 48 *Ga.*, 365; 9 *Ga.*, 223, cited by plaintiffs in error, which we think establish the principle that equity will relieve in a case like this, and that such relief will be granted either in a court of equity or a court of law proceeding upon equitable principles, and especially under the statutory remedy of the act of 1855–6, codified in sections 3377 to 3382 inclusive, of our Code. See also Code, §§3562, 3639; 57 *Ga.*, 340.

The Code, sections 2313 and 2314, and the cases cited by defendant in error, 53 *Ga.*, 226; 56 *Ga.*, 138, 640; 57 *Ga.*, 24; 59 *Ga.*, 621, 718, 330; 28 *Ga.*, 525; 44 *Ga.*, 61; 48 *Ga.*, 365, do not conflict with the principle above affirmed. An ordinary common law judgment cannot be enforced against such property. It requires equitable proceedings to reach the property or the income; but these equitable proceedings may be, at the option of the suitor, either in a court of equity or a court of law; and in either the verdict can be so framed and the judgment so moulded as to collect the debt and hurt the estate as little as possible. The same

judge in our state is the directing mind on both sides—law and equity—of the court he governs, and will see to it that equity is done on either side of the bench he occupies; especially may the proceedings be had at law when a perfect statutory remedy is furnished by the statute of 1855-6, Code, §§3377 to 3382. If the trust be executed the legal and equitable titles meet and merge, and there is no need of any equitable proceeding or special statutory remedy; it is *only* when executory that such proceedings are necessary. Code, §2314. An ordinary judgment at law will sell the *corpus* of the estate if the trust be executed and the legal title vested in the beneficiary; it requires an *equitable* proceeding, either at law or in equity, to subject either the income or the *corpus* of an executory trust. It is because this is such a continuing executory trust that it became necessary to follow the special statutory remedy provided in the act of 1855-6, or to file a bill in chancery, or under our optional statute to frame an equitable suit at law.

Judgment reversed.