*Common Pleas of Lackawanna County.*

## CONNELL & BATTIN vs. MILLER ET. Al.

A judgment for want of an appearance in a case requiring the intervention of a jury to assess the damages is not such a judgment as can be removed to another county under the new county Act.

On writ of inquiry to assess damages if defendant cannot be found notice must be put up in the Prothonotary's office.

Opinion by HAND, A. L. J.

This is a rule to show cause why the inquest to determine the amount of damages shall not be set aside. The case originated in the Mayor's Court for the City of Scranton. Summons was issued in trespass *vi et armis de bonis asportatis* June 15th, 1874. Judgment was entered after service on both defendants for want of appearance. After this, the court being abolished the records were removed to Wilkesbarre, the county seat of Luzerne county. Fifteenth April, 1876, a writ of inquiry to assess damages was issued, returnable to the second Monday of May, 1876, and served on Peter Walsh and not served on C. N. Miller. By agreement of 29th April, 1876, signed by the attorney of plaintiff and the attorney of Walsh, on back of writ, it is agreed that the inquest may be taken on 5th June, 1876. No action appears to have been taken on this writ and no return made of it, except that the mode of service by the sheriff appears. To all appearances that writ is still undisposed of.

On 17th April, 1878, an Act relating to the erection of new counties was passed, P. L. 17. Under this Act Lackawanna county was created on 21st August, 1878.

Fourth February, 1879, an exemplification of the record of this case was filed in Common Pleas of Lackawanna county, and on same day a writ of inquiry was issued to Sheriff of Lackawanna county, and stayed by plaintiffs' attorney.

Seventeenth June, 1879, an alias writ of inquiry was issued, served on Peter Walsh and no service on the other defendan, tMiller, neither was any notice of inquest put up in the Prothonotary's office. An inquest was held upon this writ by the Sheriff and twelve jurors. The Sheriff

has made no formal return to this writ. The original inquest is attached to the writ and no filing of it in the Prothonotary's office appears on it.

Twenty-eighth July, 1879, this rule was granted to set aside this writ. The grounds upon which we are asked to set aside this writ are: 1st. That the judgment was interlocutory, and the case could not be removed to Lackawanna county for the purpose of having a writ of inquiry there, but the writ must issue in the old county.

2d. That the defect is not cured by the Act 22d April, 1879, it being passed after the removal of the case.

3d. The inquest must be held in the county where the venue is laid.

4th. That there being no service on Miller, one of the defendants, notice must be put up in the Prothonotary's office of the inquest.

The judgment in this case was interlocutory, and the first question raised is, is this a proceeding on a judgment within the meaning of the 14th Sec. of the Act of 17th April, 1878, relating to new counties, for it is only under this Act that this case has been removed. We do not think it is such a proceeding as is contemplated by that Act. Until final judgment the cause was in a measure still pending, the defendants had still their rights of service, to be heard, to appear. No lien had yet been created. 16 S. & R. 347, 5 W. & S. 544, 3 Pitts Leg. Jr. 70. Only the rights of the plaintiff were determined, the amount of his damages were not yet fixed. To do this required still further proceedings in court. It was not the intention of the Act to oust a jurisdiction which had once attached, but to regulate such proceedings on mortgages, judgments, mechanics' liens, verdicts, and all records as would enforce the lien thereof in the new county. It is an Act relating to new counties, it preserves the liens which had attached in the old county, and provides for an enforcement thereof. We held in Loftus v. Birmingham, vol. 1 Lack. Leg. Record, p. 425, that the proceedings contemplated were for collection and enforcement. We have seen no reason

to change our views there expressed. We think the court of Luzerne county had jurisdiction in this case until final judgment.

Since the removal of this case the Legislature has provided a system for the removal of causes from the old to new counties in the Act 22d April, 1879.

This Act in connection with the new county Act gives a remedy for all such cases as the Legislature has deemed proper by which proceedings may be carried on to completion in matters pending. Under the new county Act provision was male for the enforcement of *liens*; under the latter Act *local actions* may be removed by either party on application to the court of the original county or a Law Judge thereof; *transitory* actions may be so removed on the same application where all the parties reside in the new county and indicate their desire by writing filed. And Section 2nd of said Act covers cases in our late Mayor's Court, and includes therefore this case. These cases are now all removed, and for any process or proceeding had in the old county on the Mayor's Court records which has become a part of the records in the old county, certified copies are to be made to be entered here. So that whatever might have been the situation of matters at the time of the removal of this case, a remedy is now provided for its disposition here.

It is clear that the Act of 1879 does not remedy the defect in this proceeding before its passage. We think there was a complete remedy in Luzerne county under the recognized practice on writs of inquiry, and before the passage of the Act of 1879 and that remedy should have been pursued.

With reference to the objection raised by the defendant that the inquest must be in the county where the venue is laid, we think this is true unless a change is warranted by the Legislature. That they have made that change in the Act of 1879 there can be little if any doubt.

The proceedings under this writ were undoubtedly irregular. This is a judgment against two, and the settle-

ment of damages should be against both.  Service must be made against the defendant if within the bailwick or he has a family or residence therein, if not, notice must be posted in the Prothonotary's office, when it becomes equivalent to service.  It has always been the practice to do this in Luzerne county.  See T. & H. Practice, new edition, p. 247.

We therefore are compelled to set aside this writ of inquiry, and as upon this showing the plaintiff is entitled to be put in position to avail himself of the benefit of the interlocutory judgment, we direct all writs of inquiry now issued in this case to be set aside, it being apparent that no proceeding can be had on the first one issued in Luzerne.  We also state in this connection that the Sheriff should make a return of the writ in due form as of any other writ.  The inquisition is not a return.  When the writ is returned duly by the Sheriff the practice is for the Prothonotary to enter the same *nisi*, and after five days, unless exceptions are filed, it shall be entered as an absolute judgment.  The rule in this case is made absolute.

In *Rober. v. Tifft*, 60 Ga. 566, our humorist says : "The true law, everywhere and at all times, delighteth in the payment of just debts.  Blessed is the man that pays. The practice of paying promptly, and to the last cent, tends to the cultivation of one of the most excellent traits of human character.  If debtors were guided by their own true interest, on an enlarged scale, they would be even more clamorous to pay than creditors are to receive.  Tender would be more frequent than calls for money.  Debt is the source of much unhappiness.  The best possible thing to be done with a debt is to pay it."  We do not agree with the last expression.  Our experience leads us to think that the best thing to be done with a debt is to *receive* payment.  The syllabus of this part of the case, prepared by the Judge, is : "The true law delighteth in the payment of just debts."