FAULK *et al. v.* SMITH, trustee.

No. 7008. APRIL 13, 1929.

*James D. Shannon,* for plaintiff in error.

*John R. L. Smith, Joseph LeConte Smith,* and *George A. Pindar,* contra.

GILBERT, J. The court did not err in overruling the demurrers to the petition. The same principles of law were involved and applied in *Wylly* v. *Collins,* 9 *Ga.* 223, and in a number of later cases. Although a judgment had been rendered against the trustee individually, the debt against the trust estate was not extinguished, and the rendition of the judgment against the trustee was no barrier to a subsequent proceeding to subject the trust estate to the payment of debts incurred for the benefit of the cestuis que trust. The act approved March 5, 1856 (Ga. L. 1855-6, p. 228), was to enable persons who had claims against trust estates to subject the corpus in a court of law. *Salterwhite* v. *Beall,* 28 *Ga.* 525. The act merely made statutory a remedy which previously was in equity, as declared in *Wylly* v. *Collins,* supra. The principles were recognized and applied in *Robert* v. *Tift,* 60 *Ga.* 566, *Kupferman* v. *McGehee,* 63 *Ga.* 250, *Moore* v. *Lampkin,* 63 *Ga.* 748, *Lyons* v. *Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155), and *Sanders* v. *Houston Guano &c. Co.,* 107 *Ga.* 49 (32 S. E. 610). In *Robert* v.

*Tift,* supra, Judge Bleckley, in the opinion of the court, said: "Honest creditors ought to be protected as far as possible. The Code declares that their rights should be favored. . . The true law, everywhere and at all times, delighteth in the payment of just debts. Blessed is the man that pays. The practice of paying promptly, and to the last cent, tends to the cultivation of one of the most excellent traits of human character. ' If debtors were guided by their own true interest, on an enlarged scale, they would be even more clamorous to pay than creditors are to receive. Tender would be more frequent than calls for money. Debt is the source of much unhappiness. The best possible thing to be done with a debt is to pay it." The prayers of the petition are broad enough to afford equitable relief; but they also include a basis for relief at law. The petition, therefore, is good as against the general demurrer in either case. The special demurrers were met by amendment.

The only insistence made in the brief of plaintiff in error is based upon the Civil Code (1910), § 4336: "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." It is argued that the present proceeding, which seeks to subject the trust property to the payment of the debt, could have been adjudicated in the original suit when a personal judgment was obtained against the trustee, and that therefore the question is res adjudicata. The fault of this contention is that the original proceeding did not make the cestuis que trust parties, nor did the creditor proceed against the rem. Therefore the present issue could not have been raised, unless it may be said that under the above code section the creditor was obliged to bring all parties to the suit or else be forever foreclosed from proceeding against them. Manifestly this position is not tenable. The code section does make all issues res adjudicata as between the creditor and the trustee personally, which were or might have been raised in that suit against the parties who were in court. But the original suit can not bind persons who were not parties to the suit, nor subject any property not proceeded against in rem, nor upon which a judgment against the trustee personally would not be in law a judgment lien.     *Judgment affirmed. All the Justices concur.*