684

*George H. Richter,* for plaintiff. *Hesler & Clark,* for defendant.

ROBINSON *v.* LINDSEY, administrator.

No. 11916. September 14, 1937.

*S. B. McCall,* for plaintiff. *John C. Parker,* for defendant.

HUTCHESON, Justice. J. D. Robinson brought his petition in the superior court of Cook County, alleging substantially as follows: "J. R. O. Lindsey, of said county, is the legally appointed and duly qualified administrator of the estate of Minnie R. Blount, deceased." J. R. M. Lindsey "appreciating the mental deficiency of his daughter," Minnie R. Lindsey, before her marriage to one Blount made and executed a certain deed of trust, in which deed he made himself the trustee during his life, and at his death his son, W. B. Lindsey, the successor trustee. The father in the trust deed "denominated the said daughter non compos mentis." J. R. M. Lindsey acted under the deed as trustee until his death, at which time W. B. Lindsey succeeded him in this capacity. "While acting as said trustee under said deed for his cestui que trust," W. B. Lindsey "farmed the lands mentioned in said deed, and made provision for the physical necessities of the said cestui que trust, and in this connection he approached petitioner for a loan and advances for the said Minnie R. Lindsey, from time to time, which finally culminated in a certain promissory note for $444.53 principal, dated January 13, 1931, and due August 10, 1931, with interest from date at the rate of 8 per cent. per annum until paid." (A copy of the note was attached to the petition.) "Said note was signed W. B. Lindsey and J. W. Green, but the advances and loans were all made to the said W. B. Lindsey as trustee . . and for the said cestui que trust, for the reason that said trustee explained that said advances were for the said Minnie R. Blount [Lindsey], and for her farm and for herself, and not for the said W. B. Lindsey in his individual capacity." Neither the note nor any part thereof has been paid. Minnie R. Lindsey after marrying Blount died without heirs. After her death the defendant was appointed administrator of her estate, and the estate consists in the main of cash in the amount of approximately $1000. Although claim has been filed with him in this connection, he fails and refuses to pay the same. The prayers are "that said trust

estate be impressed with said trust," and that petitioner recover of the administrator the amount of the note. Attached to the petition is a copy of the alleged trust deed. After the filing of general and special demurrers, the petition was amended as follows: "The lands left by the said Minnie R. Blount at the date of her death as the estate mentioned in the trust deed . . had been converted into cash by the sale of same by the said J. R. O. Lindsey as administrator, . . and that he held, at the time of the filing of this suit, approximately $1000 in money received from the sale of said farm lands indicated in said trust deed. . . The advances set out in this petition as being made by J. D. Robinson to the trustee, W. B. Lindsey, were made in connection with his farming of the lands in question, and for the benefit of his cestui que trust, and that as such trustee it was necessary for him, according to statements made to creditor J. D. Robinson, . . that the advances be made." The prayer of the amendment was that the petitioner "have judgment of the court against said funds in the hands of the said administrator, in this connection." The demurrers were sustained and the action dismissed. In the bill of exceptions error is assigned on the sole ground that "the court erred in sustaining said demurrers and in dismissing said petition, because the same sets out a legal cause of action."

This case was transferred to the Supreme Court by the Court of Appeals, apparently on the theory that it is an "equity case" within the meaning of the constitutional provision defining the jurisdiction of the Supreme Court and the Court of Appeals. Code, § 2-3005. The question for determination is whether the case as presented is such an "equity case." The petition purportedly seeks to subject a trust estate, or what was formerly a trust estate, to the payment of a debt to which the estate is alleged to be subject. Before the act of 1856 (Ga. L. 1855-56, p. 228; Code, §§ 108-501 et seq.), a trust estate, or trust fund, could be subjected to the payment of debts through a court of equity only. Since the passage of that act claims against a trust estate may be recovered in a *court of law*. *Printup* v. *Trammell*, 25 *Ga.* 240 (2); *Moore* v. *Lampkin*, 63 *Ga.* 748, 750. In *Kupferman* v. *McGehee*, 63 *Ga.* 250, 257, this court, speaking through Justice Bleckley, said: "In moving against trust estates in behalf of

creditors, courts of law, acting merely as such, strike mainly at the *corpus* (Code, § 3377 et seq. [Code of 1933, § 108-501 et seq.]) ; but equity, sparing the *corpus,* will control and administer the income to liquidate debts properly incurred for expenses. [*Wylly* v. *Collins*], 9 *Ga.* 223; This difference of method in the two courts fits the circumstances of the present case, and furnishes, of itself, a sufficient ground for retaining the bill instead of sending the complainant into a court of law." In the case just quoted from it was necessary "to adjust the relations between income and expenses," which was an act "more appropriate to a court of equity than to a court of law." In *Moore* v. *Lampkin,* supra, it was said: "An ordinary common-law judgment can not be enforced against such [trust] property. It requires equitable proceedings to reach the property or income; but these equitable proceedings may be, at the option of the suitor, either in a court of equity or a court of law; and in either the verdict can be so framed and the judgment so moulded as to collect the debt and hurt the estate as little as possible. The same judge in our State is the directing mind on both sides—law and equity—of the court he governs [superior court], and will see to it that equity is done on either side of the bench he occupies; especially may the proceedings be had at law when a perfect statutory remedy is furnished by the statute of 1855-56, Code, §§ 3377 to 3382 [Code of 1933, § 108-501 et seq.]. If the trust be executed, the legal and equitable titles meet and merge, and there is no need of any equitable proceeding or special statutory remedy; it is *only* when executory that such proceedings are necessary. Code, § 2314 [Code of 1933, § 108-112]. An ordinary judgment at law will sell the *corpus* of the estate if the trust be executed and the legal title vested in the beneficiary; it requires an *equitable* proceeding, either at law or in equity, to subject either the income or the *corpus* of an executory trust."

In *Faulk* v. *Smith,* 168 *Ga.* 448 (148 S. E. 100), this court, in discussing the act of 1856, supra, said: "The act merely made statutory a remedy which previously was in equity," and, regarding the general demurrers to the petition in that case: "The prayers of the petition are broad enough to afford equitable relief; but they also include a basis for *relief at law.*" (Italics ours.) In *Alsabrook* v. *Prudential Insurance Co.,* 174 *Ga.* 637 (163 S.

E. 706), a case involving the distribution of funds derived from a sheriff's sale between the various lienholders, in which the plaintiff in error, as intervenor, attacked the foreclosure of the security deed of the defendant in error as void for failure to follow the provisions of the law relating to foreclosure, and claimed a prior right to the funds in controversy, it was remarked: "In *Estes* v. *Ivey*, 53 *Ga.* 52 (at p. 55), this court said: 'Previously to the Code, it was necessary to file a bill to get at the right of the defendant in the property situated as this was. His right was a purely equitable one.'" In further discussing the question whether the case was an "equity case," and in referring to the Code sections (§§ 24-206, 24-211) relating to money rules against officers, the latter section in part declaring that "money raised by legal process not being subject to levy and sale, the court in making distribution proceeds upon equitable principles," the court said: "The Code provision that the court proceed upon 'equitable principles' is not equivalent to providing that such a proceeding is an 'equity case.'" The right of set-off did not originally exist at common law, and before the Code, §§ 20-1301 et seq., it was cognizable only in a court of equity. *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921, 923 (41 S. E. 74). See, in this connection, Code, § 37-308, relating to equitable set-offs, where "there shall be an intervening equity not reached by the law." The Code, § 108-501, involved in the instant case, provides: "Any person having a claim against any trust estate for services rendered to said estate, or for articles or property or money furnished for the use of said estate, or any claim for the payment of which a court of equity would render said estate liable, may collect and enforce the payment of such claim in a court of law." By parity of reasoning as regards those cases of statutory money rule against levying officers, and those of set-off allowed by statute, the pursuit of the remedy allowed by the Code, § 108-501, does not make an "equity case" of which this court has exclusive jurisdiction. See *Farkas* v. *Stephens*, 181 *Ga.* 669 (183 S. E. 796), and cit. The petition in the instant case does not seek or pray for any relief not allowable in a court of law under the statutory procedure provided in the above section of the Code. The only relief sought is that the alleged trust funds be subjected to the payment of the alleged debt; only the corpus of the alleged

estate is involved. The fact that the instant case may be an "equitable proceeding" does not make it an "equity case" within the meaning of the constitution. Code, § 2-3005, supra. Particularly so in view of the fact that the statute gives the remedy in a *court of law,* and in Code, § 108-504, provides that the same remedy, when the amount of the claim does not exceed $100, may be pursued in a justice's court, which court has no equitable jurisdiction in the sense that a case therein could be an "equity case" within the meaning of the constitutional provision relating to the jurisdiction of the Supreme Court.

Whether or not the allegations of the petition, that the beneficiary of the alleged trust is dead, and died without bodily heirs, and that the property comprising the alleged trust estate has been sold by her administrator, and that the funds derived therefrom are now in said administrator's hands, affirmatively show that the alleged trust has become executed; and whether, under these circumstances, the petition does not make an "equity case," in that it alleges no cause showing inadequacy at law (see *Moore* v. *Lampkin,* supra; *Decatur County* v. *Praylor, Howlon & Wood Co.,* 36 *Ga. App.* 611 (2), 137 S. E. 918), it is not necessary to decide in view of the rulings above made.

Nothing herein said shall be construed as holding that the allegations of the petition sufficiently alleged a cause of action under the Code, § 108-501 et seq., or that the allegations thereof sufficiently alleged the existence of a trust estate.

From what has been said it follows that the case must be

*Remanded to the Court of Appeals. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*