38775, 38776.   WRIGHT v. LEGG (two cases).

DECIDED APRIL 5, 1961.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiff in error.
*Hamilton & Anderson, George Anderson,* contra.

NICHOLS, Judge.   No demurrers were filed to the original petitions and no contention is now made by the defendant that the original petition did not set forth causes of action. The sole contention is that the amendments to the petitions sought unsuccessfully to negative a defense and were for such reason subject to general demurrer. "Ordinarily the plaintiff, in his petition, need not anticipate or negative a possible defense. Where, however, such defense is anticipated, it must be effect-

ually avoided, or the complaint is bad." *James v. Maddox,* 153 Ga. 208 (3) (111 S. E. 731). See also *Swofford v. Glaze,* 206 Ga. 574 (57 S. E. 2d 823).

The amendments to Mrs. Legg's petition alleged: "That on the 31st day of March, 1958, plaintiff at the behest of Mr. B. A. Garrett of Crawford & Company of Rome, Georgia, executed a proported [sic] release and settlement of claim in favor of Mr. Richard F. Wright the defendant herein for a consideration of $1,153.23 and that said consideration was not paid at that time but was to have been sent by check or draft at a later date and this release was to cover the damages suffered by plaintiff as a result of the accident set forth and alleged herein; that Dr. Warren Gilbert, a medical doctor of Rome, Georgia, was the regular physician of petitioner and that she visited him on several occasions and was informed that her injuries were relatively mild and that she should recover in a short time. That petitioner and petitioner's husband were relying upon this diagnosis of Dr. Gilbert at the time he signed said release and that further, petitioner had returned from Hot Springs, Arkansas, where she had taken certain treatments for the injury to her neck and shoulder and that at the time of signing said release the neck and shoulder felt well and she was suffering no pain, but that immediately after signing said release petitioner again began to suffer excruciating pain in her neck and shoulder and she realized that her condition was such that she had been mistaken in believing herself to have been cured and that Dr. Gilbert was in error in advising her that her said condition was mild and should be cured within a relatively short time. That since signing the release, petitioner had been almost constantly under the care of doctors, having been treated on numerous occasions by Dr. Walter Jones, an osteopath of said state and county and also has taken treatments at the Carlson Clinic in the nature of physiotherapy to reduce the swelling and relieve the pain occasioned by said injury; that the said B. A. Garrett was familiar with the findings and opinion of the doctor in said matter and at the time he persuaded petitioner and petitioner's husband to sign said release, was acting under the belief that said condition of petitioner was a temporary one and that the injuries had been rela-

tively mild and that she had probably reached a maximum state of recovery as predicated [sic] by said doctor and further that the amount being offered in settlement of her claim was fair and reasonable under the situation as he understood it; that the day following the signing of said release, petitioner again began to suffer excruciating pain and at that time called and informed Mr. Garrett and Crawford & Company of her condition and that she had not been cured at the time of the signing of the release as she had thought, and that in view of the return of the pain and suffering that she did not feel that said settlement was fair and that she would not accept the check and draft when the same arrived and that in approximately a week from the signing of said draft, [sic] a check or draft did arrive and she again notified the said B. A. Garrett and Crawford & Company Adjusters that the same was not satisfactory with her. That she attempted to return the check but that the same was mis-placed. That she immediately notified the said Crawford & Company and B. A. Garrett of this fact and asked them to stop payment on same since she did not intend to accept it in payment for her suffering; that on several occasions thereafter the said Crawford & Company transmitted and sent a draft to her but that on each occasion, she returned the same immediately, the said Crawford & Company being apprized at all times that she did not intend to accept same and fully apprized that said release was signed as a result of the joint error and mutual mistake of fact on the part of all parties to wit: The adjuster, petitioner's husband, and petitioner herein as to the extent of said injuries based upon the doctor's opinion in said case; the plaintiff attaches hereto and makes a part of this petition as amended the release executed by plaintiff and her husband in favor of Richard F. Wright, the same to be marked Exhibit A, and being dated the 31st day of March, 1958:

"Release and Settlement of Claim.

"Know all men by these presents, that we: L. N. and Lola N. Legg, individually and as husband and wife of 318 East Fourth St. in the City of Rome and County of Floyd and State of Georgia being of full age, for the sole consideration of one thousand one hundred fifty-three and 23/100 ($1153.23) dollars to us paid

by Richard F. Wright the receipt whereof is hereby acknowledged, do hereby release, acquit and discharge the said Richard F. Wright from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of bodily injuries and property damage resulting or to result from accident that occurred on or about the 13th day of January, 1958, at or near East Third Avenue and East Fourth Street intersection, Rome, Georgia, by reason of Mrs. Legg driving a car which was involved in a collision with a car driven by Richard F. Wright, and do hereby for ourselves our heirs, executors and administrators, covenant with said Richard F. Wright to indemnify and save harmless the said Richard F. Wright from all claims and demands for damages, costs, loss of service, expenses, or compensation on account of, or in any way growing out of said accident or its results, both to person or property.

"It is further agreed that this release expresses a full and complete settlement of a liability claimed and denied and, regardless of the adequacy of the compensation, is intended to avoid litigation, and that there is absolutely no agreement on the part of said Richard F. Wright to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.

"Witness our hand and seal this 31 day of March in the year nineteen hundred and 58 in the presence of
s/ L. N. Legg (Seal)
s/ Mrs. L. N. Legg (Seal)
Filed in Office Dec. 22, 1960. . . Ward Aderholdt, Clerk"

The amendments to L. N. Legg's petition alleged the same facts. No amendment was made to the prayers of either of the original petitions which sought only process and money judgments.

"Where the prayers of a petition seek only legal relief, jurisdiction of the writ of error is vested in the Court of Appeals . . . and this is true although some of the allegations of the petition might be germane to a proceeding in equity. *Taylor Lumber Co. v. Clark Lumber Co.*, 159 Ga. 393 (125 S. E. 844); *Robinson v. Lindsey*, 184 Ga. 684 (192 S. E. 910)." *Jackson*

*v. Commercial Credit Corp.*, 210 Ga. 289 (80 S. E. 2d 1). See also *Comstock v. Tarbush*, 200 Ga. 320 (37 S. E. 2d 148). Where "one of the prayers . . . is for the avoidance of a release from further liability, equitable relief is sought." *Crow v. Bowers*, 78 Ga. App. 139 (50 S. E. 2d 822). Since no prayer in the petitions sought relief from the pleaded "release" the case as thus made was not one in equity, and, so long as the release stands, the plaintiffs are not entitled to recover from the defendant. Whether the facts alleged in the amendments to the petitions otherwise bring the cases under the law as announced by the Supreme Court, speaking through Mr. Chief Justice Duckworth, in *Bass v. Seaboard Airline R. Co.*, 205 Ga. 458, 465 (53 S. E. 2d 895), need not be decided, nor could it be decided by this court.

The plaintiffs' petitions sought to anticipate a defense and to overcome it. The defense anticipated is one that could be overcome only in a court of equity upon proper pleadings. The petitions seeking only money damages and not praying for any relief in the equity side of the court were subject to general demurrer. The trial court erred in overruling the defendant's general demurrers to the plaintiffs' petitions.

*Judgments reversed.* *Felton, C.J., and Bell, J., concur.*