**ARKIN CONSTRUCTION CO., Inc.,**
Appellant,

v.

**REYNOLDS METALS COMPANY,**
Appellee.

No. 19433.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1962.

Milton E. Grusmark, Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, Fla., for appellant.

W. O. Mehrtens, James E. Glass (Mershon, Sawyer, Johnston, Simmons & Dunwody), Miami, Fla., of counsel, for appellee.

Before JONES and BELL, Circuit Judges and CARSWELL, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Appellee, a subcontractor, sued appellant, the general contractor, for the balance due under the contract between the parties. Summary judgment was entered in favor of appellee.

The undisputed facts were that appellant agreed in writing to pay appellee the sum of $320,000 for certain specified work to be done. Both progress and final payments were to be made upon approval and acceptance of the work by the architect.

The payments were to be made in the manner set forth in another agreement entered into on the same date between the parties here and the owner. This agreement provided that appellee was to receive promissory notes in lieu of cash payment for one half the contract price. It recited the fact of interim and permanent financing. The interim financing was in the nature of a construction loan and was to be advanced through a disbursing agent. It recited that appellee was to bill the general contractor monthly for progress payments. These statements, upon approval of the architect, were to be submitted to the disbursing agent who in turn was to make the payment one half in cash and one half by credit to be covered by the promissory notes. This agreement provided that nothing in it was to alter the status of the parties here as general and subcontractor. Appellant executed the agreement to evidence its understanding and undertaking to pursue the method set out for receiving billings from appellee and in effecting requisitions upon the disbursing agent.

During construction, appellee submitted requisitions for progress payments to appellant for approval by the architect. They were duly paid by appellant after

presentation to and receipt of the necessary funds from the disbursing agent. Appellee, upon completion of the work under the contract, submitted a final requisition to appellant for approval by the architect and for payment. The architect certified that appellee was entitled to payment in conformity with the contract. Appellant did not submit the final certificate of the architect to the disbursing agent nor was appellee paid. This suit followed.

The district court was of the view that the pleadings, deposition and affidavits made it clear that there was no genuine issue as to any material fact, and that appellee was entitled to judgment as a matter of law. Summary judgment was thereupon granted.

This was a proper disposition of the case. Appellant had agreed to pay appellee upon approval and acceptance of the work by the architect. The architect certified that appellee was entitled to payment of the sum in suit. That certificate under the terms of the contract, there being no issue of fraud or mistake, was conclusive upon the parties. Willcox v. Stephenson, 1892, 30 Fla. 377, 11 So. 659; and 9 Am.Jur., Building and Construction Contracts, § 36. See also annotations in 54 A.L.R. 1255 and 110 A.L.R. 137.

The agreement between the parties and the owner did not in any wise relieve the appellant of the obligation to pay. It simply set out the mechanics to be followed in taking down the proceeds of the construction loan from the disbursing agent. It expressly preserved the relationship between the parties as contractor and subcontractor. The evidence was that appellee would have been paid but for failure of the owner to approve. There was no requirement of approval by the owner prior to payment in either agreement. The second agreement reiterated and in effect readopted the provision for approval and acceptance by the architect.

It was up to appellant as the general contractor to pay appellee, whether through the medium of obtaining the necessary funds from the disbursing agent or otherwise, if appellee qualified for payment. Appellee, after completing the work under the agreement, qualified by having its requisition approved by the architect. That appellant failed to obtain the funds from the disbursing agent was no defense. The judgment of the district court in favor of appellee was right and proper.

"The true law, everywhere and at all times, delighteth in the payment of just debts." J. Bleckley in Robert v. Tift, 1878, 60 Ga. 566, 571.

Affirmed.