JACKSON *vs.* CHASTAIN.

Prior to the act of 1877 if a record was not transmitted to this court in the time prescribed by law, the writ of error was dismissed, nor does that act avail if counsel for plaintiff in error participated in the cause of the delay.

Practice in Supreme Court. At September Term, 1881.

The bill of exceptions in this case was signed February 26th, 1881, and filed in the office of the clerk of the superior court of Murray county on the same day. The record and bill of exceptions were filed in the office of the clerk of the supreme court on April 5th, 1881. On motion to dismiss, Mr. Moore, counsel for plaintiff in error, made the following statement, which was agreed upon as correct: "About the close of the term I handed the clerk the bill of exceptions in this case, and knowing he had just come into office and had no previous experience, I asked him some questions and advised him to see the old clerk and get his aid. This he seemed reluctant to do, and I then told him to fix up the papers as directed by the Code, and as Dalton was on the way to the clerk's office of supreme court, send them under cover to me, and if they were correctly made out and certified I would forward at once for him.

"Some days after the ten days allowed him to make out and certify the record, I received the papers. The date of the letter and post-mark showed they were mailed after the expiration of the ten days. He sent for the record a copy of the writ, process, verdict and judgment, folded and backed as the original was, and entries made on some parts as the original, and on the back of the paper he certified it was a true copy of the original. There was no seal to this. Part of the record followed and part preceded the certificate.

"The record thus sent omitted one demise in the declara-

Jackson *vs.* Chastain.

tion and made no reference at all to motion for a new trial, brief of testimony, of judgment thereon.

" The rule forbidding the clerk to deliver the original bill of exceptions to an attorney did not occur to me, and I am satisfied the clerk knew nothing of it. I returned the papers to him for correction, and, after some delay, they were finally corrected and reached this court. When corrected, the papers were sent to me, and forwarded by me to the clerk of this court. "

The writ of error was dismissed.

W. K. MOORE, for plaintiff in error.

JOHNSON & McCAMY, for defendant.

JACKSON, Chief Justice.

The record was not transmitted to this court within the time prescribed by law, and prior to the act of 1877 the bill of exceptions must have been dismissed. Will that act save it from this fate? Not if the counsel for plaintiff in error participated in the cause of the delay. He did participate in it, according to the statement of Mr. Moore, agreed upon as the true facts of the case. But for his interposition, in all human probability, the transcript of the record would have been sent in time. No matter that he interposed from the best motives, if that interposition prevented its arrival in time. It was the clerk's duty to transmit the record here, and not to confide it to any of the counsel, and however honorable counsel may be in this case, general rules must govern us, and the writ of error must be dismissed.

Writ of error dismissed.