## FARRAR *v.* OGLESBY *et al.*

Where delay of the clerk of the superior court to make out and certify a transcript of the record within the time prescribed by statute is not caused by his own *laches* but by the active interposition of

counsel for the plaintiff in error, such as withholding from the clerk's office necessary papers appertaining to the case, the writ of error will be dismissed.

December 16, 1889.

Practice in Supreme Court.

Reported in the decision.

W. K. MOORE and McCUTCHEN & SHUMATE, for plaintiff in error.

R. J. McCAMY and T. R. JONES, *contra*.

BLECKLEY, Chief Justice.

The bill of exceptions alleged error in overruling a motion for a new trial. It was filed in the clerk's office of the superior court, May 20th, 1889. A transcript of the record was certified by the clerk the 10th of August, 1889, and reached this court on the 13th of August in the same year. The case was returnable to the October term, 1889, and therefore the transcript and bill of exceptions arrived here before the return day for that term. The clerk below certified that "all the original papers in this case were not turned over to me for copying by the defendant's attorney, in whose hands they were, until July 31st, 1889." Upon the call of the case, counsel for the defendants in error moved to dismiss the same, on the ground that the clerk had not certified and sent up the record within the time prescribed by law, and that his failure to do so was caused by the counsel for the plaintiff in error. In answer to the motion, the counsel stated that "The evidence, questions and answers, as written out in full by the stenographer, in all 170 pages, was approved by Judge Fain within the time allowed. The motion for a new trial was heard before Judge Milner, April 23d, 1889, on this as the brief of evidence, no motion to dismiss being made. The motion was overruled. On the same day deponent went to R. J. McCamy, Esq., counsel for the plaintiffs

below and for defendants in error, and called his atten-
tion to the decision of the Supreme Court in the case of
*Chambers* v. *Walker*, 80 *Ga.* 644 (15), and to a subse-
quent decision where the court declined to verify the
statements in the motion for a new trial by examining
such a record, and deponent told McCamy that he was
anxious to conform to the terms of said decision, and
apprehensive that his case, if carried up on such a brief,
would not be heard, and that he proposed to take the
record and carefully prepare a brief and concise state-
ment of the evidence, and that when done he would
submit it, with the original, to counsel for their side,
and that they could correct or add to this brief and
agree on it, and that it could by consent be substituted
for the other. I told him I would have done the same
for him if the decision had been in my favor. He, I
understood, agreed to this, pointing out to me certain
parts of the record which he wished copied in full, it
being that part where he had to repeat questions to
Farrar many times before he got an answer. I agreed
to respect his wishes in this respect. Under this under-
standing, I took the testimony and worked upon it
from time to time, being hindered by neuralgia from
completing it as soon as I wished or desired; and when
it was completed—that is, my brief of the testimony of
July 1st, 1889,—I gave it and the original to McCamy
to compare, correct and approve. In a day or two, he
sent it back to my office neither corrected nor approved.
I then went to see him. He told me he had not com-
pared the two, but had made some marks where my re-
port did not accord with his recollection; that approv-
ing it might interfere with a motion to dismiss he in-
tended to make; that on consultation with his associate,
T. R. Jones, Esq., they had concluded to move to dis-
miss the bill of exceptions, on the ground now insisted
on, and on any other ground they might find in the

record.  On his refusal to examine and approve, I went
to the clerk, gave him the evidence and urged him to
lose no time in making out and transmitting the record."
The facts thus stated by counsel for the plaintiff in
error are admitted to be true by counsel for the defend-
ants in error, and the question is whether they are
sufficient to warrant this court in retaining the writ of
error, in opposition to the motion to dismiss it.

The act of 1870, p. 46, (Code, §4272), declares that
"No case shall be dismissed in said court for want of
the certificate of the clerk of the superior court to, or
the time of, the transmission of the record within
the time heretofore prescribed by law :  provided, said
record arrives at said Supreme Court in time to be
heard at the term to which it is by law returnable."
The act of 1877, p. 95 (Code, §4272d), declares : "No
case  shall be dismissed by the Supreme Court, or the
hearing thereof postponed, by reason of a failure of the
clerk of the superior court in transmitting the bill of
exceptions and copy of the record, or either of them,
in any case, to the clerk of the Supreme Court : pro-
vided, the bill of exceptions and copy of the record in
such cases shall reach the clerk of the Supreme Court
before said court shall have finished the circuit to which
said case belongs. . . . ."  It adds, however (Code,
4272e) : "No person shall be entitled to the benefit of
the preceding section who, by his own act or that of
his counsel, has been the cause of the delay or failure
to send up said bill of exceptions or a copy of the rec-
ord, by consent, direction or procurement of any kind."
These acts leave in force section 4262, which is as fol-
lows :  "Within fifteen days from the date of the cer-
tificate of the judge, the bill of exceptions shall be filed
in the office of the clerk of the court where the case
was tried ; and in ten days from the date of such filing,
it shall be the duty of the clerk to make out a copy of

such bill, together with a complete transcript of the record in such cause. Such transcript, together with the original bill of exceptions, the clerk shall transmit, together with a certificate that the same is the true original bill of exceptions, and a true and complete transcript of the record in such case, to the next term of the Supreme Court, as required in the judge's certificate, directing the same to the clerk of the said court. The copy bill of exceptions shall be retained in the office of the clerk of the superior court." It is still the duty of the clerk to make out a copy of the bill of exceptions, together with a transcript of the record, in ten days from the filing of the bill of exceptions in his office. It is not the right or privilege of the plaintiff in error or his counsel to prevent the performance of this duty. The acts of 1870 and 1877 were intended to relieve the plaintiff in error from all consequences of delay resulting from a failure of the clerk to perform his legal duty, but they were not intended to authorize the plaintiff in error or his counsel to interpose actively and prevent the clerk from performing that duty. Here it appears by the certificate of the clerk that, by reason of the papers being withheld from him by counsel for the plaintiff in error, he could not perform his legal duty in the premises; and the question is, shall this court tolerate a delay which was caused, not by the fault of the clerk, but by the active interposition of the counsel? It will be seen that there is no pretence that the opposing counsel consented to any loss of time in the matter of making out the transcript and transmitting the case to this court. On the contrary, it appears that when the time had expired, the opposing counsel gave notice that he intended to insist upon the objection. What had previously occurred between the two counsel afforded no ground for assuming that this objection would not be made. We think the case falls

within the principle of *Jackson* v. *Chastain*, 67 *Ga.* 756, and we think, moreover, that that case was properly decided, although it was the act of 1870, not that of 1877, which originated the right to have a case heard when the clerk had omitted to make out and certify the transcript within ten days. The statutory doctrine is, that a mere failure of the clerk to perform his duty within the time prescribed shall work no injury to the party, but where the failure results from the fault of the party or his counsel, it counts as effectually against such party as it did prior to the act of 1870. For some reason—doubtless a sufficient reason—the legislature has thought proper to command that the clerk's duty shall be performed within ten days after the bill of exceptions is filed in office, and we cannot consistently with law give countenance to any interference with this duty by the plaintiff in error or his counsel. It is always matter of regret not to hear a case upon its merits, but parties who desire a hearing must comply with the terms prescribed by the legislature.

*Writ of error dismissed.*