BERND BROTHERS *v.* PRITCHETT, BAUGH & COMPANY.

Where a bill of exceptions was signed on April 29, served on May 4, and filed on May 13, 1889, but the record was not certified and transmitted to this court until February 4, 1890, on account of a direction by counsel for the plaintiffs in error to the clerk not to do so until he could agree with opposing counsel as to an abbreviation of the record, and an agreement was made as to the manner of such abbreviation, with a proviso that it should not deprive counsel for the defendants in error of any right they might have to move to dismiss the case in this court " for failure to approve the bill of exceptions in time or to have the record transmitted to the Supreme Court in time," such motion is well-taken.
March 31, 1890.

Practice in Supreme Court.

Reported in the decision.

GUSTIN, GUERRY & HALL, for plaintiffs in error.
HARDEMAN & DAVIS, *contra.*

BLANDFORD, Justice.

When this case was reached here on the docket, there was a motion to dismiss on the ground that the case was not transmitted to this court by the clerk of the court below in the time required by law, and that his failure to transmit in time was owing to an order given him by counsel for the plaintiffs in error. It appears that the bill of exceptions was signed by the pre-

siding judge on the 29th of April, 1889, and served upon counsel for the defendants in error on the 4th of May, 1889, and that it was filed in the office of the clerk of the city court of Macon on the 13th of May, 1889, but that the case was not certified by the clerk and transmitted to this court until the 4th of February, 1890, it being filed in the office of the clerk of the Supreme Court on the 5th of February, 1890. The clerk of the court below, to account for this extraordinary delay, says, in his certificate transmitting the case to this court, that "the delay in sending the record to the Supreme Court was due to an order from J. H. Hall, Esq., of counsel for defendants (now the plaintiffs in error) that I should not make out the transcript until he could agree with 'Mr. Davis' as to an abbreviation of the record." It appears from the record that Messrs. Hardeman & Davis, attorneys for the defendants in error, and Guerry & Hall, attorneys for the plaintiffs in error, entered into an agreement as to the manner in which the record should be abbreviated, but in that agreement it was provided that it should not "deprive plaintiff of any right he may have to move to dismiss said cause in the Supreme Court for failure to approve the bill of exceptions in time or to have the record transmitted to the Supreme Court in time." When the agreement was made does not appear from the record.

We think this motion to dismiss is well-taken, and must be granted, under the decision of this court rendered by the Chief Justice, in the case of *Farrar* v. *Oglesby*, 84 *Ga.* 188. It is unnecessary to do more than refer to that decision, which fully covers the motion in this case.          *Writ of error dismissed.*