### 1421.   PAINTER v. McGAHA.

Where one in possession of personal property under a conditional sale is wrongfully deprived of its possession, he has a right to institute an action of trover against the wrong-doer to recover possession of the property, on the ground either of title, or of right of possession.

Trover, from city court of Dalton—Judge Longley.   September 7, 1908.

Submitted December 8, 1908.—Decided April 15, 1909.

*W. E. Mann,* for plaintiff in error.   *M. C. Tarver,* contra.

HILL, C. J.   McGaha brought trover against Painter, in the city court of Dalton, to recover possession of a horse.   The jury found a verdict for the plaintiff, and the defendant's motion for a new trial was overruled.   The facts in the case, which are not controverted, briefly stated, are as follows:   McGaha and Painter swapped horses, McGaha relying upon Painter's statement that the title to his horse was free from any lien or incumbrance.   Soon after the exchange was made, the horse which Painter had swapped to McGaha was levied upon under a' mortgage fi. fa. against Painter, and seized and sold thereunder; whereupon McGaha instituted his trover suit.   It developed on the trial of the suit that the horse which McGaha traded to Painter was bought by him from his mother-in-law, who retained title to the horse until he paid her for it.   This reservation of title was not in writing, and it was not shown that McGaha had paid anything for the horse, but it was admitted that he had possession of the horse under this sale.

Under these facts, it is contended by the plaintiff in error that trover did not lie, as the evidence showed that the plaintiff did not have title to the horse when he filed suit.   We do not concur in this view.   The plaintiff did have a special property in the horse at the time the action was commenced, and did have a title subject to be defeated by the vendor only upon failure to pay the purchase-price.   This was sufficient to justify him in bringing an action of trover on this ground.   *Mitchell* v. *Georgia and Alabama Railway,* 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622), and cases there cited. Besides this, the plaintiff was in possession of the horse at the time the exchange was made, and this possession was good against all the world, even the vendor, and entitled him to maintain an action

of trover for the possession of the horse which had been wrongfully and fraudulently taken from him by the defendant. To maintain an action of trover, the plaintiff must show title in himself, or the right of possession wrongfully withheld from him by the defendant. *Groover* v. *Iler*, 1 *Ga. App.* 77 (57 S. E. 906). It is the general rule that peaceable and lawful possession of personal property, even where the holder has no title to the same, gives him a right to sue in trover a wrong-doer who has deprived him of that possession. *Mitchell* case, supra. Our Civil Code, §3886, declares that mere possession of a chattel, if without title, or wrongfully, will give a right of action for interference therewith. The plaintiff, therefore, had a right to institute a suit in trover to recover this horse, both because he had a special property in the horse and because he had a right to the possession of the horse, as against one who had obtained the possession of the horse from him by the false and fraudulent representations that the horse which he exchanged for the horse of the plaintiff belonged to him and was unincumbered. *Fudge* v. *Kelly*, 4 *Ga. App.* 630 (62 S. E. 96). Both good law and sound morality, on the facts, were on the side of the plaintiff, and the jury did right to give him the horse, and the judge did not err in refusing to grant a new trial.

*Judgment affirmed.*