## 1823. HARRIS v. EVANS.

If, in an action on an account containing various items, the evidence shows a right to recover as to any one of the items, it is error to nonsuit the case. The undisputed proof showed that the defendant had converted to his own use a cow which had been given to the plaintiff by her husband,

and that the value of the cow was $40; and therefore the judge erred in granting the nonsuit.

Complaint, from city court of Floyd county—Judge Hamilton. March 12, 1909.

Submitted June 10,—Decided October 13, 1909.

*M. B. Eubanks, W. B. Mebane,* for plaintiff.

RUSSELL, J.   The plaintiff sued the defendant for the value of certain services which she claimed to have rendered for him as a farm laborer; and also for the value of one cow and calf alleged to be the property of the plaintiff and converted by the defendant. At the close of the plaintiff's evidence the judge granted a nonsuit, and the plaintiff excepts.   Under the evidence there could be no recovery by the plaintiff for the services which she claimed to have rendered, because, under her own testimony, it appears that she rendered the services for her husband, who was a cropper of the defendant; that the defendant in no way contracted with her for the services or promised to pay her for them.   The fact that the defendant breached his contract with the plaintiff's husband would not give her a right to recover from the defendant for services which she had rendered for her husband. If the defendant violated his contract with the plaintiff's husband, the husband would have a right to recover whatever damages he had sustained thereby, including the value of the services which had been rendered by the plaintiff; but in no view of the evidence is there any theory upon which the plaintiff could proceed directly against the defendant to recover the value of services which she had rendered for some one else.

But the judge erred in granting a nonsuit as to the whole case, inasmuch as the undisputed evidence shows that the cow was purchased and paid for by the husband and given to the plaintiff.   The plaintiff testified, "My husband bought the cow.   He bought it and paid for it, and brought it and gave it to me.   He brought it and gave it to me."   It also appeared from the evidence that the defendant had deprived the plaintiff of her possession of the cow, and refused on demand to restore the possession thereof to the plaintiff, and that the value of the cow   was $40. As to this feature of the case the plaintiff's evidence made out a prima facie case.   Where by a suit on an account it is claimed that the defendant is indebted to the plaintiff in various items, and

the evidence shows a right to recover as to any one of the items, it is error to dismiss the whole case on motion for a nonsuit. While the plaintiff's declaration would have been bad on general demurrer, the defendant did not file such a demurrer; the evidence proved the case as laid so far as the cow was concerned; and it was error to grant a nonsuit.                    *Judgment reversed.*