11063.   DUKE v. CASON.

JENKINS, P. J. 1. "A nonsuit should not be awarded, even though evidence be introduced in behalf of the plaintiff which is vague and contradictory, if a recovery for any amount, no matter how small, may be authorized by any reasonable inference which may be drawn by the jury from any of the testimony." Pendleton v. Atlantic Lumber Co., 3 Ga. App. 714 (1) (60 S. E. 377). This being a controversy over whether two bales of cotton and some syrup for which the plaintiff was suing in trover were included in a sale by him of his farming and store business to the defendant, and the evidence of the plaintiff himself being plainly to the effect that the item of syrup was specifically excepted at the time the trade was consummated, it was error to grant a nonsuit. Moreover, measuring the strength of the plaintiff's case solely in the light of his own testimony, it would have been possible for the jury to believe that the cotton also was excepted prior to the full statement of and final agreement upon the terms of the contract.

2. The court did not err in excluding from evidence, as a part of the res gestæ, the "statement of items of property sold and pointed out to the defendant," the evidence disclosing that the defendant had never read the same, and that the contract as finally made was arrived at independently of such memorandum.

Judgment reversed. Stephens and Smith, JJ., concur.

DECIDED MAY 12, 1920.

Trover; from city court of Polk county — Judge Tison. October 16, 1919.

Duke, the plaintiff, testified: that the oral sale agreement was finally arrived at in his storeroom, and that Cason, the defendant, called upon certain persons then present (witnesses in the case) to witness the statement of its terms as made by the plaintiff. "I

told them I sold Mr. Cason everything I had there, with some stuff I had reserved, and went ahead and called over what I had reserved there in the store, some garden tools, some hogs and cow and canned syrup—four or five gallons, I forget which now. So I called over what stuff there was in the store, and I don't know how long we stood around there, but just a little bit,—I don't suppose it was more than three, four, or five minutes,—and I stepped outside of the store, had started up to the house. I got out of the store and happened to look around, and I had two bales of cotton in the gin-house that I didn't sell, and I just spoke back to them, 'You see my cotton; that don't go in the trade.' I saw it tickled them, wanted to laugh about it."  .  . Question: "You had closed the trade and stated it over to these witnesses, and had received your fifty dollars and had started to dinner before you mentioned the cotton?" Answer: "No, I accepted the fifty dollars first, then went to write the receipt for fifty dollars, and he said it was no use, call the trade over to these two witnesses, and I told them, well, everything was sold to Mr. Cason except what I had reserved; in a few minutes started out of the store, started to the house and happened to see the cotton, and says, 'Here, the cotton don't go in.' I don't know whether I had put the fifty dollars in my pocket or not, I had received it. I don't recollect whether I had given Mr. Cason the key before I went to the house; I don't remember, but I gave him the key. I don't remember whether it was after I came back from the house or when I went out of the store I left Mr. Cason in charge." Question: "After you closed the trade and excepted the things that I have mentioned, and you included the syrup, then afterwards you hollered back that you didn't sell the cotton?" Answer: "Yes, sir, had received the money before I made any reservations at all." Question: "This statement about the cotton was after you had received the money and you had stated the terms of the trade in the presence of Mr. Pittman and Mr. Austin?" Answer: "Yes, sir, and made three other reservations. The cotton was the last thing reserved. I started to the house after the trade was closed." On redirect examination: "I had not at that time delivered possession of the property, the store and things. Ollie had been in the store all day and had the key."

*Mundy & Watkins,* for plaintiff.  *John K. Davis,* for defendant.