SMITH, trustee, *v.* FAULK *et al.*

No. 7609.    December 20, 1930.

*Joseph LeConte Smith,* and *George A. Pindar,* for plaintiff.

Russell, C. J.    This is the second appearance of this case before this court.  Upon the first appearance it was decided that the petition set out a cause of action.  *Faulk* v. *Smith,* 168 *Ga.* 448 (148 S. E. 100).  The case is now before the court on exceptions to the granting of a nonsuit.  The original petition was a proceeding to subject trust property, consisting of a farm known as the Shine place, to the payment of a debt which it was alleged was incurred in the operation of the trust property in accordance with the instrument creating the trust.  The will of Mrs. Mary Faulk, mother of C. R. Faulk, duly probated by the ordinary of Twiggs County, devised to her son Charlie Faulk (who is the same person as C. R. Faulk, the defendant in this case) certain lands in Twiggs County known as the Shine place, in trust for his children, he to have entire control and management thereof during his lifetime, and at his death same to belong to his children absolutely.  To this petition the defendant filed an answer and demurrers.  The principal defense set out in the answer was that the debt in question was not incurred in operating the Shine place as alleged in the petition, but that the defendant in his own right, during the years 1918, 1919, and 1920 and for several years prior to and for several years since those years, was engaged in the business of farming lands in Twiggs County commonly known as the Brown place, consisting of 1,000 acres, and lands in Wilkinson County known as part of the Carswell land, about 250 acres; that the debt referred to in plaintiff's petition was created solely on account of the farming operations of C. R. Faulk and the tenants of C. R. Faulk upon the lands known as the Brown place and the Carswell place.

After defendant filed his answer as above, plaintiff amended his petition and relied on the proposition that he was entitled to subject the trust property to the payment of that part of the debt which was incurred in operating the Brown place, because the Brown place was a part of the trust property, as shown by a codicil to the will of Mrs. Mary Faulk, devising to her son, the defendant, as trustee for his children, the land referred to as the Brown place in Twiggs County, the trusteeship to last only until the youngest surviving child of George W. Faulk should become twenty-one years of age; and when the youngest child of George W. Faulk arrived at the age of twenty-one years, said Brown place was to go to his surviving children.

It appeared that C. R. Faulk, the defendant, farmed the lands known as the Shine place, the Brown place, and part of the Carswell lands; that he procured from A. T. Small & Son, on credit, supplies for the operation of the Brown and Carswell places, and that on January 20, 1921, he owed A. T. Small & Son $4083.61 on his account, and gave them his note for that amount due the following fall, which note was later transferred to the plaintiff in this case, who secured judgment thereon in the superior court of Twiggs County on March 1, 1927. Execution issued on the judgment, and the sheriff of Twiggs County made an entry of nulla bona thereon. Upon the trial of this case the plaintiff swore as a witness A. T. Small, of A. T. Small & Son, who testified as to dealings with C. R. Faulk, furnishing him and his tenants with supplies over a period of years including 1920, 1922, and possibly 1918; that he didn't know, but understood that the tenants he supplied were on Mr. Faulk's land and were his tenants; that the transaction of the note was with Mr. Faulk individually; that he did not know about the Mary Faulk will when negotiating this transaction; that he asked Mr. Faulk about giving a mortgage on the land, and he said he could not do it because he did not own the land; he said something about the children. He said he would give a mortgage on some timber; said he might sell it and pay it off. Witness was pretty sure he got a mortgage on some timber; he thought he turned it over to Mr. Smith, securing this same note; he did not know whether the supplies and provisions furnished Mr. Faulk went to him individually or to somebody else.

C. R. Faulk, sworn by plaintiff as an opposite party, testified that

in 1920 he gave a note to A. T. Small & Son, for supplies for his farm; that he was then running about 30 or 35 plows on three different tracts; one tract was in Wilkinson County, about 1200 acres at that time, belonging to Mrs. Elvina Carswell; he also ran the Brown place near Bullards, which belonged to his brother's children, which contained 1000 acres; did not buy anything from Small for the Shine place; got the supplies for that place from the Twiggs County Bank; the Shine place was his private business, the other was not; he did not keep an account of his mother's estate, his wife's mother's estate and the Brown place, his brother's children's place separate; the Brown place did not belong to his wife, it belonged to his brother's children; he did not have to keep it separate, did as he pleased about it, did not have to make an account to anybody about it; thought the most plows he ever ran on the Brown place were 16; ran from 4 to 10 on the Carswell place; the biggest part of the stuff went to the Brown place; the Twiggs County Bank ran the Shine place; all the goods bought from Small went on the Brown place and the Carswell place; did not trade with Small for anything but farm supplies; when he gave the note the debt was a year old; the note was dated in 1921, but was for a 1920 debt; had about twice as many folks on the Brown place as on the Carswell place; more stuff went to the Brown place than to the Carswell place; he was managing the Brown place for himself; his brother's children did not draw any profits from the place; when they got grown he turned it over to them, and they got it. Plaintiff introduced in evidence the following: Promissory note of C. R. Faulk to A. T. Small & Son, dated January 20, 1921, for $4,083.61, due October 15 after date. Deed of C. R. Faulk to A. T. Small & Son, securing the above note, and purporting to convey all the timber on the lands herein referred to as the Shine place. Execution issued from the superior court of Twiggs County, Georgia, on March 1, 1927 in favor of John R. L. Smith, trustee, and against C. R. Faulk for $4,083.61 principal, $1,959.84 interest to date, $604.34 attorney's fees, $23.10 costs, together with future interest at 8 per cent. per annum; bearing the following entry by the sheriff of Twiggs County: "After making diligent search, I find no property subject to the within fi. fa. 4/27/27. E. J. Griffith, Sheriff T. C." Certified copy of the will of Mrs. Mary Faulk, of record in the court of ordinary of Twiggs

County, devising certain lands referred to as the Shine place to C. R. Faulk upon the terms and conditions set forth in paragraph 3 of plaintiff's petition. Certified copy of codicil to said will of Mrs. Mary Faulk, of record in the court of ordinary of Twiggs County, said codicil devising certain lands therein referred to as the Brown place to C. R. Faulk upon the terms and conditions set out in plaintiff's amendment to paragraph 3 of the petition.

The court, on motion, granted a. nonsuit and dismissed the case upon the ground that the evidence was not sufficiently definite to enable the jury to return a lawful verdict. To this judgment the plaintiff excepted.

On the former appearance of this case in this court the judgment overruling the demurrers to the petition, and holding that the plaintiff had pleaded a good cause of action, was affirmed. On the subsequent trial the court awarded a nonsuit. The plaintiff challenges the correctness of that judgment. We are of the opinion that our learned brother of the trial bench erred in awarding a nonsuit and dismissing the action, in view of the evidence which is substantially set forth in the statement of facts above. It is plain that C. R. Faulk was to all intents and purposes a trustee for two separate pieces of property, subject to different uses. One was a plantation and tract of land called the Shine place, and the other a plantation called the Brown place, both being in Twiggs County. The plaintiff introduced evidence showing the origin of the indebtedness upon which his judgment was based, and the will of Mary Faulk, C. R. Faulk's mother, showing that as to one of the plantations the trust was in favor of the children of George W. Faulk, and terminated when the youngest child of George W. Faulk arrived at majority. In the meantime (and until the time when all of George W. Faulk's children should be grown, and the property should then be delivered and released by C. R. Faulk) the income was set apart by the testatrix for the use and benefit of the children of C. R. Faulk. The other plantation was devised in the will of Mary Faulk to C. R. Faulk for life, with remainder to his children. Thus there were two distinct trusts, in the one case the title in fee granted to the children of George W. Faulk, and in the other to the children of C. R. Faulk at his death. C. R. Faulk testified as to the purchases made by him and expenditures on each of the separate tracts of land, and swore without con-

tradiction that more than one half of the debt was chargeable to the Brown place, which went to the children of George W. Faulk. This would have entitled the plaintiff to recover upon one half of the amount of the judgment. It may be said in passing that the defendant further testified that he ran ten plows on the larger place, the Brown place, and only six plows on the smaller place, from which it might be possible for the jury to find this properly entitled plaintiff to recover three fourths of his judgment instead of one half; though we do not at this time rule upon that question. It is clear that the plaintiff was entitled to recover, if there were no further evidence in the case, a verdict for one half.

When this case was here before, we held that the plaintiff was entitled to subject the trust property to the payment of the portion of the debt incurred in farming the Brown place, and the judgment allowing, over demurrer, the amendment to the petition to this effect, was affirmed. So in this case the plaintiff was entitled to recover whatever portion of the debt was incurred in operating the Brown place. It is clear that the nonsuit was granted because the lower court was of the opinion that the plaintiff had not shown with sufficient certainty how much of the debt was incurred in operating the Brown place. The defendant's pleadings themselves show that part of the debt was incurred in operating this farm; so if the plaintiff succeeded in showing any definite portion of this liability upon which the jury could base a verdict, a nonsuit should not have been awarded. "A nonsuit should not be awarded, even though evidence be introduced in behalf of the plaintiff which is vague and contradictory, if a recovery for any amount, no matter how small, may be authorized by any reasonable inference which may be drawn by the jury from any of the testimony." *Pendleton* v. *Atlantic Lumber Co.,* 3 *Ga. App.* 714 (60 S. E. 377). In *Bloom* v. *Americus Grocery Co.,* 116 *Ga.* 784 (43 S. E. 54), *Howard* v. *Dayton Co.,* 94 *Ga.* 416 (20 S. E. 336), and *Philpol* v. *Chattanooga. &c. R. Co.,* 114 *Ga.* 295 (40 S. E. 266), in a suit for breach of contract this court held it was error to grant a nonsuit even if there were no evidence as to the amount of damages. Naturally, the trustee, being the opposite party, was not a favorable witness; but he swore that more than half of the expenditures for which he was indebted were used upon the Brown place.

*Judgment reversed. All the Justices concur.*