24743.   BLACK *v.* COLUMBIA PHONOGRAPH COMPANY.

DECIDED OCTOBER 26, 1935.

*W. G. Warnell, Edward J. Goodwin,* for plaintiff in error.
*Edward C. Brennan,* contra.

JENKINS, P. J.   1.   Where delay of the clerk of the trial court to prepare and certify a transcript of the record within the time prescribed by statute is not caused by his own laches, but by the active interposition of counsel for the plaintiff in error, such as withholding from the clerk's office necessary papers appertaining to the case, the writ of error will be dismissed.   *Farrar* v. *Oglesby,* 84 *Ga.* 188 (11 S. E. 133) ; Code of 1933, § 6-1001.   It appears from the clerk's certificate to the record that the bill of exceptions in this case was filed in his office on February 25, 1935, and that his inability and failure to file in this court the transcript of record with the bill of exceptions within the ten days required by the statute was caused entirely by the withdrawal from his office by counsel for the plaintiff in error of the record, and the failure to return it until after the statutory time for certifying the transcript had elapsed.   Therefore the motion to dismiss the writ of error on this ground must be granted.

2.   Moreover, even if this court properly should consider the belatedly filed transcript of record, it appears that the judgment directing the verdict in favor of the plaintiff should be affirmed. The only assignment of error is: "To the action of the court granting said motion for a directed verdict in favor of said  .  . defendant in error, plaintiff in error  .  .  then excepted, now excepts, and assigns the same as error upon the ground that the same was contrary to law."   Irrespective of whether, on a bill of exceptions to review a directed verdict, such an assignment would be sufficient to present for determination any question relating to the evidence, in the absence, not only of any reference to the evidence as being sufficint to present an issue of fact which should have been submitted to the jury and which would have authorized it to find a verdict different from the one directed, and of any reference to the weight of the evidence, but also of any attack on the verdict or its direction as not being supported by any evidence, the assignment of error made would in no event raise any evidential question other than whether the verdict was supported by any evidence.   See *Jones* v. *Moore,* 51 *Ga. App.* 716 (181 S. E.

313), and cit. The oral testimony and documentary evidence showing that a verdict was not demanded in favor of the defendant, the direction of the verdict for the plaintiff should in any event be affirmed.

*Writ of error dismissed. Sutton, J., concurs.*

STEPHENS, J., concurs in the judgment, and only in paragraph 1 of the syllabus.