### HARRIS *v.* UNDERWOOD *et al.*

HAWKINS, Justice. G. B. Harris, as plaintiff, brought his action in the Superior Court of Fulton County against C. H. Underwood and Raymond Linder, alleging in substance that, on or about May 17, 1948, the defendants were the owners of a described lot of land; that he entered into a contract with the defendant, C. H. Underwood, who was acting for himself and the joint owner, Raymond Linder, for the purchase thereof at and for the price of $2250, to be paid $750 cash and the

balance within a reasonable time; that he paid to Underwood $750 as the down payment, and was placed in possession of the property; that he subsequently offered to consummate the sale by paying the balance of the purchase-price as agreed upon; that the defendants declined and refused to accept the balance of the purchase-price and convey the property; that the market value of the property has enhanced from the date of the alleged contract to the date of the alleged breach thereof to the sum of $4000; and he prayed that either the defendants be required to specifically perform the contract, or that he recover of them as damages $1750 as the difference between the contract price and the alleged market value of the property, together with the down payment of $750, which had been received by the defendant Underwood; and for an injunction against the alienation of or trespass upon the property by the defendants. The defendants filed separate answers, Underwood denying that he was the owner of any interest in or title to the land at the time of the making of the alleged contract, and alleging that he was merely acting as agent for the plaintiff in trying to negotiate a purchase for him from the other defendant Linder; that he received the $750, to be turned over by him to Linder, but that Linder refused to make the sale or accept the down payment, which he tendered back to the plaintiff, and which in his answer he tendered into court and paid to the clerk of the court by its permission, to be kept and retained by the clerk pending further order of the court. The defendant Linder in his answer denied all of the material allegations of the petition. Upon the trial, and after the plaintiff's evidence was closed, on motion of counsel for the defendants, the trial court granted a nonsuit. *Held*:

1. A nonsuit should not be awarded where it appears from the evidence or the pleadings that the plaintiff is entitled to any of the relief sought by him in his petition, or any amount sought to be recovered, no matter how small, if there be sufficient criteria from which the amount can be definitely fixed. Code, § 110-310; *Smith* v. *Faulk,* 171 *Ga.* 616, 621 (156 S. E. 185), and cases cited.

2. In the instant case, irrespective of the question of whether the plaintiff's evidence established a valid contract for the sale of the land and a breach thereof by the defendants, it appeared without dispute that the plaintiff was entitled to recover $750, which the defendant Underwood admitted in his answer to be due by him to the plaintiff, and the trial court erred in awarding a nonsuit.

*Judgment reversed. All the Justices concur.*

No. 16792. OCTOBER 12, 1949. REHEARING DENIED NOVEMBER 18, 1949.

*Robert T. Speer* and *S. T. Allen,* for plaintiff.
*G. Eugene Ivey* and *T. Elton Drake,* for defendants.