### 32699. BUTLER v. RICH'S INCORPORATED et al.

MACINTYRE, P. J. 1. "Where delay of the clerk of the trial court to prepare and certify a transcript of the record within the time prescribed by statute is not caused by his own laches, but by the active interposition of counsel for the plaintiff in error . . the writ of error will be dismissed. *Farrar* v. *Oglesby,* 84 *Ga.* 188 (11 S. E. 133)." *Black* v. *Columbia Phonograph Co.,* 52 *Ga. App.* 48 (182 S. E. 73). Since the bill of exceptions was filed in the office of the clerk of the trial court on July 8 after having been certified by the court on July 5, and the transcript of the record was not certified and transmitted to this court until August 3, and the clerk of the trial court certified that "the delay in transmitting this record was at the request of counsel for plaintiff in error," the writ of error must be dismissed.

2. The bill of exceptions in this case assigns error upon the trial court's action in striking the defendant's answer in the nature of a cross-action. There had been no final judgment in the main case. It is well known that in such a case the bill of exceptions is premature and cannot be entertained by this court. The request that the copy of the bill of exceptions on file in the office of the clerk of the trial court be ordered to be treated as exceptions pendente lite, is denied. *Jackson* v. *Yancey Tractor Co.,* 47 *Ga. App.* 271 (4) (170 S. E. 320).

*Writ of error dismissed. Gardner and Townsend, JJ., concur.*

DECIDED FEBRUARY 17, 1950.

*Marvin G. Russell,* for plaintiff in error.
*Parker & Parker,* contra.