## 20050.  FELLOWS *et al. v.* GUTHRIE.

HAWKINS, Justice.   On January 7, 1955, Fellows Milling Company, a partnership composed of Clyde L. Fellows and Tom Fellows, filed suit on an open account, in Berrien Superior Court, against Samuel J. Guthrie, alleging: that the defendant is indebted to the plaintiff in the amount of $3,154.18, a copy of the open account being attached to and made a part of the petition; that although frequent demands have been made on the defendant for the payment of said account, he fails and refuses to pay the same, and that the same is past due. The petition prays for process, a judgment in amount of $3,154.18, plus interest from the date of the filing of the petition, and court costs.   The defendant filed an answer and cross-action, which was amended, and to which the plaintiff demurred.   The case came on for trial September 3, 1957. Clyde L. Fellows testified that the entries made on the ledger sheets were made in the regular course of business by the bookkeeper, J. Lee Quinn, and by himself, and that the sales tickets were made in the regular course of business, the original being kept in the possession of Fellows Milling Company; that the totals, amounts and balance were true and correct, subject to human error.   He further testified that at the time suit was filed in 1955 he operated Fellows Milling Company, in Douglas, Georgia, which was a partnership, with his brother, Tom Fellows, as the other partner; that since that time he had bought his brother's interest; that he bought the accounts; that it is not a partnership now; that he knows the defendant, Mr. Sam Guthrie, and that Mr. Guthrie is indebted to the Fellows Milling Company.   The ledger sheets of the account of S. J. Guthrie with Fellows Milling Company were offered and allowed in evidence.   The sales tickets representing the original record of sale, a duplicate copy of which was given to the customer, were introduced and admitted in evidence. S. M. Griffin, a witness for the plaintiff, testified that he did some work for Clyde L. Fellows as a collector and that he contacted S. J. Guthrie concerning the account owing to Fellows Milling Company; that Mr. Guthrie never made any objections to the account in any way; that Mr. Guthrie signed a statement in his presence, which was identified by the witness and introduced in evidence, reading as follows: "December 17, 1954.   I will be in there Wednesday or before to

get things straight. I have a deal pending where I think I can raise $2,500 for you. If I can't by that time I will arrange things satisfactory with you." After all the records of the account with S. J. Guthrie, showing a balance due of $3,154.77, were introduced in evidence, the plaintiff rested. Counsel for the defendant then moved for a nonsuit, which was granted, and the exception is to that judgment. The case was brought to the Court of Appeals.

On March 13, 1958, the Court of Appeals passed the following order: "Upon consideration of the case by the Court of Appeals sitting as a body, the court was equally divided as to the judgment that should be rendered, Carlisle, Quillian and Nichols, JJ., being for affirmance, and Felton, C. J., Gardner, P. J., and Townsend, J., being for reversal. It is therefore ordered that the case be transferred to the Supreme Court of Georgia, in compliance with the last subdivision of Paragraph 8, Section 2, Article 6, of the amendment to the Constitution of the State ratified in the election of August 7, 1945."

The record transferred to this court contains an opinion prepared by Judge Nichols affirming the judgment of the trial court because: "The bill of exceptions contains a recital that the brief of evidence is attached as an exhibit, but no brief of evidence is so attached, and the brief of evidence contained in the record transmitted to this court by the clerk of the trial court has not been identified or approved by the trial judge. Accordingly, there is no brief of evidence before this court that can be considered and it must be presumed that the judgment of the trial court granting the defendant's motion for a nonsuit was correct." The plaintiff in error, in his motion for rehearing in the Court of Appeals, contends that the "brief of evidence" preceded the trial court's certificate at the time the bill of exceptions was certified, and "that the court overlooked the fact that page 4 of the bill of exceptions should have actually been marked page 138 by the clerk of the trial court." In support of this contention he refers to a supplemental certificate by the Clerk of the Superior Court of Berrien County, dated January 27, 1957, under seal, reciting: "I do hereby certify that in the case of Fellows Milling Co. v. Samuel J. Guthrie, . . . the brief of evidence was a part of the bill of exceptions at the time said bill of exceptions was filed in this office and said brief of evidence and bill of exceptions had the certificate of the trial judge approving

same attached thereto; . . . however, I had to take the papers apart to punch the holes through said papers in order to attach my certificate and fasten the same together, and in doing so the certificate of the trial judge was placed as page 4 when it should have been page 138. . . This error was in no way the fault of plaintiff in error or his attorney, but was solely an error committed in this office as above stated." This motion for rehearing apparently resulted in the opinion of the Court of Appeals of January 15, 1958, being withdrawn and the judgment vacated, after which the order of March 13, 1958, set out above, was entered, and the case sent to this court. *Held:*

1. The alleged misplaced page which it is contended should have appeared in the record following the brief of evidence, so that the certificate of the trial judge thereon would have been an approval of the brief of evidence, contains (1) a certificate and waiver signed by Elsie H. Griner and Hugh D. Wright which recites in part "counsel of record for the defendant in error approved the *foregoing brief of evidence and bill of exceptions as correct and complete* as to the averment of facts therein. This 3rd day of October, 1957"; (2) next is a certificate signed by the trial judge reciting: *"I do certify that the foregoing bill of exceptions is true, and contains* or specifies *all the evidence,* and specifies all of the records, material to a clear understanding to the errors complained of; and the Clerk of the Superior Court of Berrien County, Georgia, is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Court of Appeals, that the errors alleged to have been committed may be considered and corrected. This 3rd day of October, 1957"; and (3) an acknowledgment of service signed by the two above named counsel of the defendant in error reciting: "Due and legal service of the within and *foregoing bill of exceptions and brief of evidence* is hereby acknowledged. Copy received. All other and further service is waived. This 12 day of October, 1957." We have italicised the words we think clearly indicate that the brief of evidence preceded this page at the time the signatures, including that of the trial judge, were entered thereon. Code § 6-1402 provides: "If any mistake shall be made by any clerk of the superior or city court in his entry of filing the bill of excep-

198

tions in any case, and it has been made so to appear to the appellate court, said court shall make any necessary and proper order to secure the correction of such mistake, and a hearing of the case." Accordingly, where, as in this case, the certificate of the trial judge to the bill of exceptions, as provided by Code (Ann.) § 6-806, is on a page which clearly indicates that the brief of evidence is contained in the bill of exceptions and precedes this certificate, and in addition the clerk of the trial court, by supplemental certificate bearing his seal, so certifies, and that he took the bill of exceptions apart and in placing it back together misplaced the page by inserting it as page 4 instead of following the brief of evidence where it was originally, this court will not refuse to consider the brief of evidence, since, as was said in *Hancock* v. *Perkins*, 68 *Ga.* 830, "Whatever precedes the judge's certificate is a part of the bill of exceptions, and may be verified by the certificate alone." See also Code §§ 6-1403, 6-810 (5), and 6-812.

2. "Where an action upon an account is brought by a partnership dissolved since the account was made, it is no cause for nonsuit that one of the partners has assigned in writing his interest in the account to the other. Both partners being before the court as parties to the action, the defendant has no interest in the question of ownership of the account, as between the plaintiffs themselves." *Chicago Cheese Co.* v. *Smith*, 94 *Ga.* 663 (1) (20 S. E. 106).

3. "A nonsuit should not be awarded where it appears from the evidence or the pleadings that the plaintiff is entitled to any of the relief sought by him in his petition, or any amount sought to be recovered, no matter how small, if there be sufficient criteria from which the amount can be definitely fixed." *Harris* v. *Underwood*, 206 *Ga.* 243 (1) (56 S. E. 2d 287).

4. In the instant case the plaintiff's evidence established the existence of an open account in some amount, and that the defendant signed a statement in the presence of a witness for the plaintiff, which was introduced in evidence without objection so far as the record shows, acknowledging that he was indebted to the plaintiff in an amount of at least $2,500. Since a prima facie case was made as to part of the account sued on, nonsuit was error. *Buckeye Buggy Co.* v. *Dickey*, 122 *Ga.* 290 (2) (50 S. E. 66).

*Judgment reversed. All the Justices concur.*

Ga.)

ARGUED MAY 12, 1958—DECIDED JUNE 4, 1958.

*H. W. Lott,* for plaintiffs in error.