38289. ALEXANDER *v.* JONES.

DECIDED JUNE 6, 1960.

*Marson G. Dunaway, Jr.*, for plaintiff in error.

*John T. Perren*, contra.

FRANKUM, Judge. ■ "Regardless of whether a petition sets out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit." *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d 17).

Where there is evidence admitted without objection to establish the plaintiff's cause which is not supported by proper allegations in the petition and there is no motion to withdraw it from the jury, the plaintiff is entitled to the benefit of such testimony on a motion for a nonsuit. *Field* v. *Martin,* 49 *Ga.* 268; *Citizens Bank* v. *Valdosta Mill &c. Co.,* 34 *Ga. App.* 713

(131 S. E. 126). "Where one in possession of personal property under a conditional sale is wrongfully deprived of its possession, he has a right to institute an action of trover against the wrong-doer to recover possession of the property, on the ground either of title, or of right of possession." *Painter* v. *McGaha*, 6 *Ga. App.* 54 (64 S. E. 129). Also see *White* v. *Dodson*, 41 *Ga. App.* 436 (153 S. E. 233). In a similar case, *Fenn* v. *Seaborad Air-Line Ry.*, 120 *Ga.* 664 (48 S. E. 141), the court stated: "A motion for a nonsuit was made upon the ground (among others) of a variance. An order granting the same was passed, but before it was entered an amendment was offered and allowed, without objection, which adjusted the petition to the proof. After the allowance of the amendment no motion of any character was made by either party, but subsequently the order granting the nonsuit was filed. *Held*, that it will be presumed that the subsequent filing of the order was under the direction of the judge, nothing to the contrary appearing; and that, when so considered, the order of nonsuit was a judgment that the plaintiff had failed to prove his case as laid in the petition as amended."

Applying the above principles of law to the facts of the instant case, the trial court erred in granting the nonsuit. The evidence disclosed an unconditional right of the plaintiff to the possession of the automobile. While the original petition alleged the title in the plaintiff as the basis of the trover action and while the evidence disclosed that such title was in a third person, an amendment to the petition was allowed prior to entering of the trial court's order of nonsuit which alleged the plaintiff's right of possession to the automobile. The evidence was sufficient to prove the allegations of the petition as amended so as to authorize a recovery upon the theory of a right of possession.

■ As stated in *Southern States Exploring &c. Syndicate* v. *McManus*, 113 *Ga.* 982 (4) (39 S. E. 480), there is no such thing as a "partial nonsuit." The trial court in the instant case should not have granted a nonsuit for recovery as to one item provided the defendant return or pay the value (as elected by the plaintiff) of the other items in the suit. If a recovery in any amount be authorized, no matter how small, a nonsuit

should not be awarded. *Duke* v. *Cason*, 25 *Ga. App.* 344 (103 S. E. 176). The trial court's order recognized that the evidence showed a right of the plaintiff to the items of personal property in the automobile. On such a finding, the trial court should have denied the motion for a nonsuit. *Duke* v. *Cason*, 25 *Ga. App.* 344, supra; *Harris* v. *Underwood*, 206 *Ga.* 243 (56 S. E. 2d 287).

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*