### 38614. RUTHERFORD et al. v. TIDWELL.

JORDAN, Judge. "Where delay of the clerk of the trial court to prepare and certify a transcript of the record within the time prescribed by statute is not caused by his own laches, but by the active interposition of counsel for the plaintiff in error. . . . the writ of error will be dismissed. *Farrar v. Oglesby,*

84 Ga. 188 (11 S. E. 133)." *Black v. Columbia Phonograph Co.*, 52 Ga. App. 48 (182 S. E. 73). See Article 6, Section 2, Paragraph 5 of the Constitution of 1945 (*Code Ann.* § 2-3705) ; *Butler v. Rich's Inc.*, 81 Ga. App. 20 (57 S. E. 2d 710).

The record discloses that the bill of exceptions in the instant case was filed in the office of the clerk of the trial court on September 13, 1960, after having been certified by the court on September 12, 1960; yet the transcript of record was not certified and transmitted to this court until October 14, 1960, a date more than 20 days after the filing of the bill of exceptions with the clerk of the trial court. *Code Ann.* § 6-1001.

Accordingly, since the clerk of the trial court has certified to this court in a supplemental certificate, which was forwarded to this court with the transcript of record, that, "The bill of exceptions in this case was filed on September 13th, 1960. All of the other records in this case were checked out of this office to the attorney for plaintiff in error, and were not returned to this office until after two demands, and then the records were returned on October 8th, 1960. Whereupon this is the reason why the transcript in this case has not been forward sooner. This 14th, October, 1960," the motion of the defendant in error to dismiss the writ of error must be granted and the writ of error dismissed. See *Fellows v. Guthrie*, 214 Ga. 195, 198 (104 S. E. 2d 205).

*Writ of error dismissed. Townsend, P. J., Frankum and Carlisle, JJ., concur.*

DECIDED APRIL 5, 1961—REHEARING DENIED APRIL 25, 1961.

*M. W. Eason, Weldon C. Boyd*, for plaintiffs in error.
*J. Max Cheney*, contra.