### 39498.   A. H. MASSEY, INC. v. DIAMOND ELECTRIC & SUPPLY CORPORATION.

HALL, Judge.  The plaintiff (plaintiff in error) on May 22, 1961, filed suit against the defendant (defendant in error) for $1,452.58 on an account, including numerous items listed on a statement and invoices dated on various dates from July 25, 1955, through January 21, 1960.  The defendant filed a plea and answer denying that he was indebted on the account and alleging that any right of action the plaintiff ever had on the account was barred by the statute of limitation. At the trial, after plaintiff introduced its evidence, the court sustained the "motion of the defendant for nonsuit and upon its plea of the statute of limitations."  On this judgment the defendant assigns error. *Held:*

1. The defendant filed a motion to dismiss the writ of error on the ground that it was not given written notice of the time and place at which the brief of evidence was presented' to the trial judge for his approval as required by *Code Ann.* §§ 6-802, 24-3364 and Rule 8 of the Civil Court of Fulton County, nor did the defendant waive such notice in writing. No harm is alleged to have resulted to the defendant because of any lack of notice.  See *Carpenter v. Forshee,* 103 Ga. App. 758, 770 (120 SE2d 786).

One way in which evidence may be brought to the appellate courts is to actually set it out in the bill of exceptions. *Barringer v. Porter,* 211 Ga. 20 (1) (83 SE2d 603).  If this method is used, the action or non-action of the trial judge as to requiring notice on the question of correctness is not reviewable. *Venable v. Gresham,* 105 Ga. App. 720 (125 SE2d 507) ; *Code Ann.* §§ 6-908.1 and 6-909.

In this case the brief of evidence immediately precedes the certificate of the trial judge which states that "the foregoing

bill of exceptions is true. . ." "Whatever precedes the judge's certificate is a part of the bill of exceptions, and may be verified by the certificate alone." *Fellows v. Guthrie,* 214 Ga. 195, 198 (104 SE2d 205). The motion to dismiss is denied.

2. Assuming (but not deciding) that charges on the account falling due before May 22, 1957, would be barred by the statute of limitation, several items on the account were charged since that date; and the total charges for these items exceed the total credits since that date. Since the evidence would authorize a recovery in some amount, the judgment sustaining the plea and nonsuit was error. *Philpot v. Chattanooga &c. R. Co.,* 114 Ga. 295 (40 SE 266); *Pendleton Bros. v. Atlantic Lmbr. Co.,* 3 Ga. App. 714 (60 SE 377); *Harris v. Evans,* 6 Ga. App. 747 (65 SE 802); *Duke v. Cason,* 25 Ga. App. 344 (103 SE 176); *Collier v. Pritchett,* 30 Ga. App. 451, 452 (118 SE 444); *Smith v. Faulk,* 171 Ga. 616 (156 SE 185).

*Judgment reversed. Felton, C. J., and Bell, J., concur.*

DECIDED JUNE 7, 1962.

*Edwin J. Hunt, Gerstein & Carter,* for plaintiff in error.
*Tindall & Tindall, Joseph D. Tindall,* contra.